AMERICAN SAVINGS AND LOAN ASSOCIATION OF HOUSTON, Appellant,

v.

Mrs. Ray D. (Jeanne) JONES, Administratrix of the Estate of Erma E. Newton, Deceased, Appellee.

No. 628.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 24, 1972.

Rehearing Denied June 14, 1972.

Dermot Rigg, Lee, Brown, Moss & Rigg, Houston, for appellant.

Mike M. Hale, Baer, Cryan, Keen & Kelly, Houston, for appellee.

TUNKS, Chief Justice.

Mrs. Ray D. (Jeanne) Jones, Administratrix of the Estate of Erma E. Newton, Deceased, filed this suit against American Savings and Loan Association of Houston, hereafter called American, to set aside a foreclosure sale and to recover damages for loss of use of the property upon which there was foreclosure. After a non-jury trial the trial court rendered judgment for the plaintiff administratrix, setting aside the trustee's deed and awarding a recovery of $6,958.00. American in this appeal concedes the validity of that portion of the trial court's judgment setting aside the trustee's deed, but seeks reversal of that portion of the judgment awarding a monetary recovery.

On May 23, 1962, Mrs. Erma E. Newton, a feme sole, executed a deed of trust on the tract of property here involved. The deed of trust was executed to secure an installment note owed by Mrs. Newton to American. On November 1, 1966, Mrs. Newton died intestate. Her debt to American had not been fully paid. After Mrs. Newton's death the installments provided for in the note were not paid when due. American had notice of Mrs. Newton's death. On December 12, 1966, American matured the note and posted the property for foreclosure. On January 3, 1967, the property was sold under the power of sale in the deed of trust. American had possession of the property from January 3, 1967, to the date of the trial. On April 20, 1967, Mrs.

Jones was issued letters of administration. In such capacity this suit was filed by her.

Insofar as this case presents the question of the administratrix' right to recover judgment for the value of the possession of the property during the time it was possessed by American the parties agree that this is a case of first impression. Both parties rely on the language and holding of Pearce v. Stokes, 155 Tex. 564, 291 S.W.2d 309 (1956). In that case it was held that the death of the grantor in a deed of trust does not revoke or suspend the power of sale contained therein, that a sale by such a trustee after the death of the grantor before the expiration of four years and before the opening of an administration of his estate is not void, but is voidable, and that such sale may be voided if administration is opened within the time allowed by law.

In the Pearce case the Supreme Court recited that its answer to the question there presented was "largely on the basis of policy considerations." 291 S.W.2d 311. It declined to make a holding that would encourage foreclosure under the circumstances of this case. It also said:

"It is no great hardship on the mortgagee to hold that at the suit of an administrator the court must cancel a sale made under a deed of trust after the death of the mortgagor. Where there is a necessity therefor the mortgagee himself can force the opening of an administration or the payment of his claim and thus avoid the expense and trouble of a sale under the deed of trust. Texas Probate Code, §§ 77 and 80. Arts. 3340 and 3357, V.A.T.C.S. If, alternatively, he elects to have the sale made and take a chance on the subsequent opening of an administration and a suit to cancel the sale, *he should abide the consequences.* (Emphasis added.)

American argues that it should not be required to pay damages because of its foreclosure of its lien when, under the Pearce case, such foreclosure was not wrongful. To require American to return

to the estate of that which it took under the voidable foreclosure—the value of the use of the property—is not an imposition of a penalty upon it. Such is merely a requirement that American return to the estate the value of an asset that has been appropriated —the value of the use of the property. It seems reasonable that if the administratrix could compel the return of one asset, the title to the property, taken by American through its foreclosure, it could also compel the return of another asset so taken—the value of the use of the property. Such return was one of the "consequences" which American should "abide". The judgment of the trial court awarding the administratrix recovery of the value of the use of the property during the time it was in possession of American was consistent with the policy expressed in the Pearce case. In such award the trial court's judgment is affirmed.

The trial court found that the property in question had a rental value of $100 per month during the time American held possession of it. Judgment was rendered for the administratrix for such rental value with interest at the rate of six per cent (6%) per annum, compounded annually. One of appellant's points of error is directed at such computation of interest. Such point of error is sustained. The prejudgment interest recoverable in this case for loss of rental value fixed upon a monthly basis was simple interest at the rate of six per cent (6%) per annum on each monthly rental from the date it accrued to the date of the judgment. Davidson v. Clearman, 391 S.W.2d 48 (Tex.Sup.1965); Watkins v. Junker, 90 Tex. 584, 40 S.W. 11 (1897). Even though the judgment rendered includes an amount representing prejudgment interest the provision for interest on the judgment so rendered was proper. Lanpar Company v. Stanfield, 451 S.W.2d 254 (Tex.Civ.App.—Dallas 1970, no writ); Ligon v. E. F. Hutton & Company, 428 S.W.2d 434 (Tex.Civ.App.— Dallas 1968, writ ref'd n. r. e.).

The judgment of the trial court is reformed to the extent that the prejudgment interest is computed on a simple interest basis. As so reformed the trial court's judgment is affirmed.

Costs of appeal are adjudged against the appellee.