Mary Lou LEACH, Independent Executrix of the Estate of Tommy J. Leach, Deceased, Appellant,

v.

EUREKA LIFE INSURANCE COMPANY OF AMERICA and Electra State Bank & Trust Company, Appellee.

No. 18163.

Court of Civil Appeals of Texas, Fort Worth.

April 5, 1979.

Rehearing Denied May 10, 1979.

James Q. Smith, Wichita Falls, for appellant.

Fillmore, Lambert, Farabee, Purtle & Lee and Glynn R. Purtle, Wichita Falls, for Eureka Life Ins. Co. of America.

McKelvey & Hayers, Electra, for Electra State Bank & Trust Co.

OPINION

HUGHES, Justice.

Mary Lou Leach, independent executrix of the estate of Tommy J. Leach, has appealed an order denying her recovery in a declaratory relief suit on a $7,000.00 credit life insurance policy. The case was tried to the court and no findings of fact or conclusions of law were requested or made.

We affirm.

The record reflects that Tommy J. Leach borrowed $7,000.00 from Electra State Bank & Trust Company and gave as security his promissory note payable on demand or 180 days from date, March 17, 1977. The promissory note stated that its due date was September 13, 1977. No demand for payment was made. In connection with this loan he purchased, through the bank, acting as the insurance company's agent, a group policy of credit life insurance for the amount of the loan. He paid the designated premium of $47.60 for the insurance. The premium was accepted by the insurance company which in turn issued him its credit life insurance certificate. The bank was named creditor beneficiary and Leach was named the insured debtor.

The premium charge paid by Leach was for a six month term. It was computed on that basis from a chart furnished to the bank by the insurance company. The chart had no provision for a daily rate, only a monthly one. The certificate of insurance shows on its face a six month term. It also shows that the effective date of the policy was "3/17/77" and the termination date was "9/13/77".

Leach was killed in a highway accident at or around midnight September 13, 1977. The death certificate shows the time of injury and death was 12:45 a. m., September 14, 1977. The accident took place approximately nine miles north of Bowie. There were no witnesses. The plaintiff, Leach's widow, qualified as independent executrix and gave proof of loss and made the statutory demand that the insurance company pay the policy proceeds to the bank in satisfaction of the note. The insurance company refused.

The insurance company alleged that Leach was killed September 14, 1977 and the insurance certificate that was the basis of Mrs. Leach's cause of action had terminated and was not in force at the time of his death. It relied on several provisions in

the group policy as evidenced by the insurance certificate in support of its contentions.

Mrs. Leach contended in her pleadings that her husband was killed before midnight, Central Daylight Saving Time, September 13, 1977. Alternatively, she contended that if her husband died September 14, 1977 (Central Daylight Saving Time), she was still entitled to recover under the terms of the insurance certificate because it was "patently ambiguous in its form". In her brief she states that the issues to be decided on appeal are whether the term of insurance was six months, with an expiration date of September 16, 1977, or, whether the term of insurance and the due date of the promissory note should be determined by Central Standard Time, the time system in effect when the promissory note was executed and the insurance certificate was issued.

Insurance company states that the relevant provisions of the group insurance policy are:

"(a) Except as herein limited, the amount of insurance hereunder on the life of any such debtor, at any time, shall be the amount of the debtor's then indebtedness to the creditor . . . of the kind described in the application for this Policy.

"(b) The maximum amount of such insurance which may be in force hereunder on the life of any such Debtor is $10,000.

" . . .

"(d) Indebtedness as used herein shall not include any principal or interest payments which are past due . . . .

" . . .

"This policy and the application therefor, . . . constitute the entire contract between the parties. . . .

" . . .

"Any premiums paid to the Company for any period not covered by this Certificate will be returned. In no event shall any insurance be continued after the date when the indebtedness is due to have been completely retired."

No findings of fact or conclusions of law were requested or made. Therefore, all questions of fact are presumed found in support of the judgment and the judgment must be upheld on any legal theory supported by the pleadings and evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977). Here appellant has brought forward a statement of facts but we still presume on appeal that the trial judge found every issuable fact proposition necessary to sustain the judgment if such was raised by the pleadings and supported by the evidence. 4 McDONALD, TEXAS CIVIL PRACTICE § 16.10 (Rev.1971). In determining whether there is any evidence to support the judgment and the implied findings of fact, we consider only the evidence favorable to the implied findings and disregard any contrary evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962), *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (Tex.1950).

Mrs. Leach contends that she is entitled to recover as a matter of law. We do not agree.

Since we must presume the trial court found facts which support its judgment, we presume it found that the termination date of the policy was September 13, 1977. Upon reviewing the record we find that the promissory note executed by Leach clearly shows a due date of September 13, 1977. The insurance certificate stated on its face that coverage terminated September 13, 1977 and "in no event" shall the coverage be continued past the indebtedness due date. It also provided that the amount to be paid was the debtor's "then indebtedness" but that this did not include any past due principal or interest payments.

Without an allegation of accident, mistake, or fraud, the plain and unambiguous statement in the policy of its termination date could not be disregarded. *Underwriters at Lloyds, London v. Harkins*, 427 S.W.2d 659 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). There were no allegations of fraud, accident or mistake here so the parties are bound by the express terms of the policy. The evidence supports the trial court's implied finding that cover-

age ended September 13, 1977. Therefore, the date of Leach's death is not only material but the ultimate fact issue in this case.

We presume the trial court found that Leach died September 14, 1977. Although Mrs. Leach has no point of error specifically attacking this implied finding, her argument, liberally construed, does complain about the effect given this finding. She contends the termination date of the insurance certificate and the past due date of the note should be determined by Central Standard Time, the time system in effect when the parties entered into the insurance contract and Leach executed the promissory note.

█ She reasons that her husband was undeniably dead prior to 1:00 a. m., Central Daylight Time, September 14, 1977. The time of death would have been prior to 12:00 midnight Central Standard Time, September 13, 1977, had not Daylight Saving Time intervened. She alleges that the promissory note contemplated 180 full twenty-four hour days and to allow Daylight Saving Time to determine the alleged termination date of the insurance contract means that one hour out of a twenty-four hour day was lost sometime between March 17 and September 13, 1977. She argues that it is a universal principle of law that when it concerns a legal duty, time must be computed by a certain, unvarying and uniform standard, and to allow Daylight Saving Time to intervene after a contract has been entered into violates this standard.

She requested at trial that the court take judicial notice of 15 U.S.C. § 260a (1966), the federal statute providing for Daylight Saving Time. The court did so and she now argues that she has established as a matter of law that Central Standard Time is that certain, unvarying and uniform standard which must control the date of termination of the insurance contract and the date on which the note became past due.

We disagree. The court was free to conclude that the parties contracted in contemplation of existing law. The federal statute was in existence at the time the parties entered into their contract. Even though the statute provides that a state might exempt itself, unless the legislature had chosen to pass a new law, § 260a would remain the standard time authority, even though the time period changed twice a year.

There was a fact issue as to the time of Leach's death and there was evidence in the record enabling the trial judge to decide that question in defendants' favor. In addition to the death certificate showing the time of injury and death to be 12:45 a. m., September 14, 1977, the court also had before it the accident report received by the Bowie, Texas, police department about the incident. It shows that a truck driver advised the department of a major accident at 12:20 a. m., September 14, 1977.

It was stipulated that the clock in Leach's vehicle stopped at 12:07 a. m. An engineering report made for plaintiff was entered into evidence by defendants. It stated that tests showed that the clock lost approximately six minutes in a twenty-four hour period and that it would run an average of 94.2 seconds after removal of power.

The evidence supports the trial judge's implied findings that Leach died September 14, 1977 and that the parties contracted in contemplation of the time change caused by Daylight Saving Time.

As there was evidence in the record on which the trial judge could rely which would support the judgment, we do not find it necessary to discuss Mrs. Leach's third contention dealing with the issue of whether the maximum amount of insurance on her husband's life had been paid. It, along with her other arguments, is overruled and the judgment is affirmed.