**Chung CHAN, Appellant,**

v.

**AN–LOC RESTAURANT, INC., Appellee.**

No. B2959.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 19, 1982.

George W. Long, Houston, for appellant.

Wayne H. Paris, Houston, for appellee.

Before MURPHY, PRICE and SAM ROBERTSON, JJ.

## OPINION

PRICE, Justice.

Appellant Chung Chan appeals from an adverse judgment in favor of appellee, An-Loc Restaurant, Inc., in a nonjury trial in which the trial court held that a restaurant real estate lease was owned by appellee, and that the appellee restaurant corporation was owned by four shareholders in equally proportionate shares. Appellant asserts two points of error relating to sufficiency of evidence on the judgment findings. We affirm the judgment of the trial court.

An-Loc Restaurant, Inc. originally sued appellant Chung Chan on July 28, 1980, for injunctive relief relating to certain business operations of the restaurant and alleging conversion of corporate assets. Thereafter, on August 27, 1980, appellant Chung Chan filed a separate suit against appellee An-Loc Restaurant, Inc. as well as Chue Leung, King So and Wan Chan, individually, seeking to cancel the issuance of 4000 shares of stock in the appellee corporation to each of the individual defendants and for a declaration that the individual defendants had no rights or privileges as shareholders. The basis of Chan's suit was that no consideration or insufficient consideration was paid for the stock. Further, he asserted that the consideration filed and paid for the shares consisting of past money paid, services performed, and technology provided was fraudulent and in bad faith because defendants knew the consideration was insufficient. This suit was consolidated for trial on September 9, 1980, with appellees' injunctive suit. Following a December 3, 1980 hearing, a temporary injunction dated January 6, 1981, was granted against appellant Chan relating to the business operation. On June 16, 1981, shortly before trial on the merits, appellant made an assignment of the business lease to David Cheung and abandoned the restaurant premises and equipment. Chan had been serving as manager in day to day operations under the temporary injunction.

Appellee An-Loc filed an amended petition on June 29, 1981, seeking a declaration of ownership of the business real estate lease and equipment based on its having a formal assignment of the lease since No-

vember 30, 1980, and having made all lease payments since November 1, 1978. Appellant Chan never filed any answer or responsive pleading to any of appellee's claims. At trial, on July 10, 1981, the only pleading on file for appellant was its suit seeking to cancel issuance of the shares of stock to the three individuals named above. Appellant's assignee, David Cheung, was not made a party to the suit and did not participate in the trial. In a nonjury trial on the merits of the consolidated suit, the trial court held that appellee An-Loc Restaurant, Inc. was the owner and legal title holder of the business lease, and the restaurant equipment, and further declared that An-Loc Restaurant, Inc. is owned by four shareholders in equally proportionate shares of 4000 shares each, said four shareholders being Chun Chan, Chue Chan Leung, King Wan So and Wan Mau Chan. Appellant was ordered to take nothing by his suit. Appellant perfected appeal as to appellee An-Loc Restaurant, Inc. No appeal was perfected by appellant Chan as to the individuals Chue Chan Leung, King Wan So and Wan Mau Chan, and they are not parties to this appeal.

Appellant in his first ground of error asserts that the trial court erred in finding in the judgment that appellee was the legal title holder of a business lease at 902 St. Emanuel Street, Houston, Texas because the finding was against the great weight of the evidence. In the trial court appellee had the burden of proof on the issue. We summarize the history of the transactions which are in dispute.

On August 12, 1977, the owner of the leasehold, Lang W. Woo, executed a five year lease to the original lessee, J.K. Wong. On February 25, 1978, J.K. Wong assigned the lease, with the owner's approval, to Chung Chan, appellant in the instant case, and Loretta Nguyen. This lease was amended on May 23, 1978, to provide for a six year option after the original five year term had expired. Nguyen and appellant entered into an assignment of the lease, with the owner's consent, on September 22, 1978, to Pappas Refrigeration Company, a vendor who had sold and installed equip-

ment on the premises. The lease was assigned at least in part to further secure the debt incurred by Nguyen and appellant Chan for purchase of restaurant equipment from Pappas. Thereafter, on October 27, 1978, Nguyen conveyed her interest in the restaurant business including the lease to Chan.

On November 1, 1978, an organizational meeting of An-Loc Restaurant, Inc. was held. Appellant Chan, Chue Leung, King So and Wan Chan were elected directors. For his conveyance of the restaurant equipment to the corporation, Chung Chan was issued 4000 shares of stock in the corporation. The corporation thereafter made all lease payments directly to the landlord and also paid for the equipment. The balance sheets of the corporation based on information furnished by appellant showed that the leasehold improvements were owned by the appellee. No point on appeal contests that part of the judgment which declares the corporation to be owner of the equipment. On November 30, 1980, shortly after the equipment was paid for by An-Loc Restaurant, Inc., Pappas Refrigeration Company made a reassignment of the lease to An-Loc Restaurant, Inc. The original assignment to Pappas Refrigeration Company by Chan and Nguyen included a right of reassignment by Pappas. Nguyen testified that she and Chan gave up their right in this reassignment and also that Pappas advanced payment for some of their contractors in the installation of the equipment.

We initially note that the court was not requested by the appellant to make any findings of fact or conclusions of law pursuant to Tex.R.Civ.P. 296. "Therefore, all questions of fact are presumed found in support of the judgment and the judgment must be upheld on any legal theory supported by the pleadings and evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex. 1977)." *Leach v. Eureka Life Ins. Co. of America,* 580 S.W.2d 628, 630 (Tex.Civ.App. —Fort Worth, 1979, writ ref'd n.r.e.); *see also Davis v. Huey,* 571 S.W.2d 859 (Tex. 1978). In the instant case, appellant has

brought forward a statement of facts but we still presume on appeal that the trial judge found every issuable fact proposition necessary to sustain the judgment if such was raised by the pleadings and sustained by the evidence. 4 McDonald, Texas Civil Practice § 16.10 (Rev.1971); *see also Leach v. Eureka Life Ins. Co. of America, supra,* at 630. In determining if there is any evidence to support the judgment and the implied findings of fact, we consider only the evidence favorable to the implied findings and disregard any contrary evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex. 1962); *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (Tex.1950); *Leach v. Eureka Life Ins. Co. of America, supra.*

■ Appellee asserts it owns the lease by virtue of having made all the lease payments to the landlord since the corporate organizational meeting of November 1, 1978, and by having a valid assignment of the lease dated November 30, 1980. Appellee owns the equipment and leasehold improvements under the evidence and judgment. Appellant claims on appeal that he owns the lease individually, and that the assignment dated September 22, 1978, from Chan and Nguyen to Pappas Refrigeration was actually intended by the parties to be only a security agreement to secure purchase of the restaurant equipment. In his motion for new trial, appellant also contended the trial court should have voided the November 30, 1980, reassignment from Pappas Refrigeration to An-Loc Restaurant, Inc. because it was without consideration, and that it should have held Chung Chan to be the owner of the lease. We disagree.

Appellant overlooks the fact that he had no pleadings on file in response to appellees' petition. Appellant did not plead failure of consideration as an affirmative defense as required by Tex.R.Civ.P. 94 and 93(j). Further, he had no pleading contending that the September 22, 1980, assignment from Chan and Nguyen to Pappas, which was absolute on its face, was intended by the parties to be only a security agreement. Likewise, there was no pleading asking can-

cellation of the November 30, 1980, assignment from Pappas to An-Loc Restaurant, Inc. or asking that it be voided. It also was absolute on its face. Chan did not plead to be declared owner of the lease, and in fact the evidence showed that if he claimed any individual interest he assigned it to David Cheung on June 16, 1981, before this trial commenced on July 10, 1981. No pleading or issue was raised on any lack of necessary parties.

While payment of lease payments standing alone would not be sufficient to vest ownership of the lease in An-Loc Restaurant, Inc., we believe sufficient evidence is in the record to support the judgment of the trial court in this case. The circumstances of the payment by the corporation of all lease payments on the lease since its organization, the payment and ownership of the equipment and leasehold improvements by An-Loc on the premises, and the operation of the corporate restaurant business at that location in the possession of the corporation are an inditia of ownership. Also, appellee's evidence was that the lease was originally obtained in the name of Chan and Nguyen from Wong in February, 1978, on behalf of the rest of the family (now shareholders), consistent with the plan that it was to be a family operation with equal ownership. All the individuals contributed money for acquisition of the lease from Wong. The purchase of the equipment from Pappas was also a part of the plan for the family operation. Nguyen withdrew from the corporation due to family problems, though she was to have been president of the family corporation. Chan still owes her $7200, according to Nguyen, for the conveyance of her interest in the An-Loc Restaurant business including the leasehold interest. Both the original assignment to Pappas and the reassignment from Pappas to An-Loc are absolute on their face. No testimony from Pappas indicates anything less than an absolute assignment from Chan and Nguyen or from Pappas to An-Loc. No findings of fact or conclusions of law were requested or made. We are required to presume the trial court found every essential fact supported in the

evidence necessary to sustain the judgment and to disregard any contrary evidence. Appellant's first point of error is overruled.

In his second point of error, appellant asserts that the trial court erred in finding that there are presently four shareholders of An-Loc Restaurant, Inc.. He contends the finding in the judgment was contrary to law in that the evidence clearly showed that the three other individuals as directors of An-Loc Restaurant, Inc. breached their fiduciary duty to appellant Chung Chan in issuing themselves shares of stock equal to his.

 This second point of error relates to appellant's petition to cancel the issuance of 4000 shares to each of the three individual defendants on the ground of lack of consideration. These shares were issued at a special board meeting on April 28, 1980. Appellant had the burden of proof on this issue in the trial court and to prevail on appeal on this point would require him to show he is entitled to a recovery on this theory as a matter of law. Appellant Chan was ordered to take nothing by his suit. The case was not pleaded or tried on the issue of "breach of fiduciary duty." Therefore, the issue cannot be raised for the first time on appeal. *City of Kingsville v. International Ass'n of Firefighters,* 568 S.W.2d 397, 399 (Tex.Civ.App. Corpus Christi 1978) citing *State of California Dept. of Mental Hygiene v. Bank of the Southwest National Ass'n,* 163 Tex. 314, 354 S.W.2d 576 (1962). Further, appellant failed in his burden of proof to prevail on the theory which he did allege. On the other hand, the pleadings and evidence further support a preorganizational plan for the four individuals to share equally the ownership of the future restaurant business. The pleadings and evidence support as consideration for the issuance of such stock the contribution of past labor, past services and past technology by the three individuals. The special board meeting of April 28, 1980, was a valid meeting upon proper notice. Tex.Bus.Corp.Act Ann. art. 2.16 § A (Vernon 1980) provides in part that the consideration paid for the issuance of shares shall consist of money paid, labor done or property actually received. Section C of Article 2.16 provides that in the absence of fraud in the transaction, the judgment of the Board of Directors as to the value of the consideration received for the shares shall be conclusive. The presumptive finding of no fraud by the trial court is supported by the evidence. The individuals holding the shares· are not parties to this appeal.

 Actually, appellant's second point of error is to the effect that breach of fiduciary duty to compel cancellation of the shares of stock issued to the other shareholders is shown as a matter of law. Even if such a theory had been properly pleaded and the case could be said to have been tried on that theory, we hold the evidence does not show the breach of fiduciary duty and the right to cancellation of such shares as a matter of law. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

No Publication—Tex.R.Civ.P. 452.