Charles E. **ROBERSON** & Roberson's Funeral Home, Inc., Appellants,

v.

Raymond **ROBINSON**, Appellee.

No. 04–87–00541–CV.

Court of Appeals of Texas, San Antonio.

Oct. 19, 1988.

Rehearing Denied Nov. 21, 1988.

Parker Ellzey, Alice, for appellants.

Bernice Y. Shapiro, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal in a suit for rents.

On May 1, 1980, Etta Moyer, as lessor, and appellant Charles E. Roberson, as lessee, executed a lease agreement for certain properties situated in Alice, Texas. Under the terms of the lease appellant was to pay a monthly rental sum of $200.00 for a period of two years from May 1, 1980, with an option to buy the property by appellant for a fixed amount and for a period of one year from the date of the death of the lessor if she died during the term of the lease. On December 2, 1980, the lessor died. Appellant Charles E. Roberson attempted to exercise his option which was refused, resulting in lengthy litigation ending in a ruling against appellant by the Supreme Court of Texas. Appellant occupied the property in question from May 1, 1980, through February 15, 1986, conducting thereon a funeral home business known as Charles E. Roberson Funeral Home. On December 12, 1985, appellant formed a corporation known as Roberson's Funeral Home, Inc., with its initial registered office at the same location. During the entire time that the property in question was occupied the lease was not renewed and only $200.00 in rent was paid.

Appellee Raymond Robinson, individually and as Executor of the Estate of Etta Moyer, filed this suit for rents against appellants Charles E. Roberson and Roberson's Funeral Home, Inc.. Appellant Roberson's Funeral Home, Inc. answered by a general denial. Appellant Charles E. Roberson in addition to a general denial set forth affirmative defenses of limitations, estoppel, res judicata and breach of contract. Appellant Charles E. Roberson also answered by way of a cross action for damages and attorney's fees. In a bench trial the trial court found in its judgment that a landlord/tenant relationship existed

between the parties from January 1, 1981, through February 15, 1986, and that rental payments were due appellee for that period. The court awarded judgment in favor of appellee and against appellants, jointly and severally, for rents as follows:

> Under the terms of the lease agreement of May 1, 1980, accrued and unpaid rent of $200.00 per month from January 1, 1981 through April 30, 1982 in the amount of $3,200.00.
>
> The reasonable rental value of the leasehold from May 1, 1982, through February 15, 1986, in the amount of $63,700.00.

for a total of $66,900.00 as damages, and for attorney's fees in the sum of $4,300.00. Further, the court in its judgment ordered "pre-judgment interest at the highest legal rate from January 1, 1981, until the date of judgment and thereafter at the highest legal rate from the date of judgment until paid," and costs.

Appellants' motion for new trial was overruled by operation of law. This appeal followed. Appellants present us with four points of error on appeal.

In their first point of error appellants allege that the evidence is legally and factually insufficient to support a judgment in favor of appellee and against appellant Roberson's Funeral Home, Inc. The point of error is overruled.

■ Appellants have brought forth a statement of facts but did not request the trial court to make any findings of fact or conclusions of law, and none have been filed with the record in this case. We must therefore presume that the trial judge found every issuable fact proposition necessary to sustain the judgment if such facts were raised by the pleadings and sustained by the evidence. In determining if there is any evidence to support the judgment and implied findings of fact, we can consider only the evidence favorable to the implied findings and disregard any contrary evidence. *Chan v. An–Loc Restaurant Inc.*, 641 S.W.2d 617 (Tex.App.—Houston [14th Dist.] 1982, no writ).

■ Appellee, in his trial pleadings, alleged that appellant Charles E. Roberson formed a corporation which took over all the assets of appellant Charles E. Roberson. It is implied in the court's judgment that the corporation took over all the assets of the funeral home business of appellant Charles E. Roberson, during the period in question. Such finding is supported by the pleadings and the evidence before us. When individuals or partners form a corporation that takes over all the assets of the individuals or parties, the corporation assumes the liabilities of the parties or individual, as a matter of law. *Baca v. Weldon*, 230 S.W.2d 552, 554 (Tex.Civ.App.—San Antonio 1950, writ ref'd n.r.e.).

■ In their point of error number two, appellants contend that the trial court erred when it overruled their objection to the following question by the attorney for appellee of appellant Charles E. Roberson who was testifying as an adverse witness:

> Q: So when you formed the corporation, then the things that you had owned, the vehicles and things that you had owned individually now became the property of the corporation?
>
> A: That's correct.

Appellants contend that the testimony regarding the transfer of the assets of the individual proprietorship to the corporation was inadmissible because it called for a legal conclusion. We disagree. The fact that the assets belonging to Roberson's Funeral Home subsequently became the property of Roberson's Funeral Home, Inc., was within the personal knowledge of the witness. Since appellant was an adverse witness, counsel for appellee could examine him on any matter which had a direct bearing on the issue of the case. *See* TEX.R. CIV.EVID. 611(b). The court did not err in overruling appellants' objection to the question. The point of error is overruled.

Appellants' point of error number three is directed at the computation of the prejudgment interest by the trial court. The point of error is sustained.

■ The pre-judgment interest recoverable in this case for the monthly rental fixed by the terms of the lease and for the loss of rental value fixed upon a monthly basis

by the trial court is simple interest at the rate of 6% per annum on each monthly rental commencing thirty (30) days from the time each rental payment was due and payable up to the date of the judgment rather than as assessed by the trial court. TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987); *cf. American Savings & Loan Association of Houston v. Jones*, 482 S.W.2d 62, 64 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.); and *Grossman v. Barney*, 359 S.W.2d 475, 477 (Tex.Civ.App.—San Antonio 1962, writ ref'd n.r.e.).

In their point of error number four, appellants contend that the evidence is factually insufficient to support the judgment for rents at the rate of $1,400.00 per month. The point of error is overruled.

█ It is implied in the court's judgment awarding appellee the sum of $63,700.00 for the period May 1, 1982, through February 15, 1986 (a period of forty-five and one-half months) that the court found the reasonable rental value of the property in question to be $1,400.00 per month. Such finding is supported by the pleadings and the evidence before us. As stated before in our consideration of appellants' point of error number one, because no findings of fact and conclusions of law were brought up by appellants we only considered the evidence favorable to the implied findings and disregarded any contrary evidence. *Chan v. An–Loc Restaurant, Inc. supra.*

The judgment of the trial court is reformed to the extent that the pre-judgment interest is computed on a simple interest basis in conformity with this opinion. As so reformed the judgment is affirmed.