Charles E. **ROBERSON** and Roberson's Funeral Home, Inc., Petitioners,

v.

Raymond **ROBINSON**, Respondent.

No. C–8250.

Supreme Court of Texas.

April 19, 1989.

Parker Ellzey, Alice, for petitioners.

Bernice Y. Shapiro, San Antonio, for respondent.

PER CURIAM.

Raymond Robinson, individually and as Executor of the Estate of Etta Moyer, filed this suit for rents against Charles E. Roberson and Roberson's Funeral Home, Inc. ("Roberson"). After a nonjury trial, the trial court rendered judgment against Roberson. The court of appeals reformed the trial court's judgment in part and affirmed. 761 S.W.2d 51. We reverse the judgment of the court of appeals.

Roberson brought forth a statement of facts on appeal, but did not request the trial court to make any findings of fact or conclusions of law. In the court of appeals, Roberson challenged the legal and factual sufficiency of the evidence to support the trial court's judgment. In purporting to resolve these points, the court of appeals stated:

> In determining if there is any evidence to support the judgment and implied findings of fact, we can consider only the evidence favorable to the implied findings and disregard any contrary evidence.

761 S.W.2d at 53. The court then proceeded to consider only that evidence favorable to the trial court's judgment.

 In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, it is implied that the trial court made all the necessary findings to support its judgment. *Goodyear Tire and Rubber Co. v. Jefferson Constr. Co.*, 565 S.W.2d 916, 918 (Tex.1978); *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975). When a statement of facts is brought forward, these implied findings may be challenged by factual sufficiency and legal sufficiency points the same as jury findings or a trial court's findings of fact. *Burnett v.*

*Motyka*, 610 S.W.2d 735, 736 (Tex.1980); *see also Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968); *Bishop v. Bishop*, 359 S.W.2d 869, 872 (Tex.1962).

 In this case, it is clear that the court of appeals, in applying only a no evidence standard of review, failed to consider and weigh all of the evidence, thereby failing to properly rule on Roberson's factual sufficiency points. We conclude that this cause therefore must be remanded to that court for consideration of these points. *Burnett v. Motyka*, 610 S.W.2d at 736.

Pursuant to Rule 133(b), Texas Rules of Appellate Procedure, we grant Roberson's motion for rehearing, grant the application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to that court for consideration of Roberson's factual sufficiency points.