IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00017-CR

 

Samuel Loy Graham, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court at Law No.
1

Brazos County, Texas

Trial Court No. 05-02232-CRM-CCL1

 



ORDER



 








The trial court imposed Samuel Loy Graham, Jr.’s
sentence for his misdemeanor conviction of marijuana possession on September 5,
2007.  Graham filed a motion for new trial and then a notice of appeal.  The
clerk’s record was filed on January 23, 2008.  To date, no reporter’s record has
been filed.

            Because of the motion for new trial,
the reporter’s record was originally due on January 3, 2008.  See Tex. R. App. P. 35.2(b).  The Clerk of
this Court notified the official court reporter, Lorie Court, that the record
was overdue by letter dated February 28, 2008.  This letter directed Court to
file the reporter’s record within 30 days or to otherwise contact the Clerk
regarding the matter within 30 days.  Court did not respond. 

            A second notice was sent to Court on
April 17 directing her to contact the Clerk regarding the matter within 10
days.  Court did not respond, so the Clerk attempted to contact her by
telephone on June 3, June 6, June 11, and June 16, each time leaving a
voicemail message to return the phone call.  Court did not respond.

            A third notice was sent to Court on
June 17 detailing the above matters and directing her to contact the Clerk
regarding the matter by 5:00 p.m. on June 20.  Court did not respond.

Accordingly, we ORDER court reporter Lorie
Court to file the reporter’s record for cause number 05-02232-CRM-CCL1 in the
County Court at Law No. 1 of Brazos County, Texas with the Clerk of the Tenth
Court of Appeals, McLennan County Courthouse, 501 Washington Avenue, Room 415,
Waco, Texas 76701, on or before August 15, 2008.  See McElwee v.
Joham, 971 S.W.2d 198, 198 (Tex. App.—Waco 1998, order), disp. on
merits, 15 S.W.3d 557 (Tex. App.—Waco 2000, no pet.).

FAILURE OF LORIE COURT TO FILE THE REPORTER’S RECORD ON OR BEFORE AUGUST 15, 2008 MAY RESULT IN THE ISSUANCE OF A SHOW CAUSE ORDER AND/OR
JUDGMENT OF CONTEMPT.

The Court ORDERS that this Order be
personally served on Lorie Court by overnight delivery via a commercial
delivery service within the meaning of Rule of Appellate Procedure 9.5(b).  See
Tex. R. App. P. 9. 5(b).

 

PER CURIAM 

Before Chief Justice
Gray, 

Justice
Vance, and 

Justice
Reyna 

(Chief
Justice Gray dissents to this Order for the reasons as expressed in Revell
v. State, 211 S.W.3d 483 (Tex. App.—Waco 2007) (Dissenting Opinion to
Order).  A separate opinion will not issue.)

Order issued and filed
July 30, 2008

Do not publish

 






ective
Servs., No. 03-09-00436-CV, 2010 Tex. App. LEXIS 2763, *7 (Tex. App.—Austin
Apr. 13, 2010, no pet.); In the Interest of J.F., No. 02-08-00183-CV,
2007 Tex. App. LEXIS 8108, *19-24 (Tex. App.—Fort Worth Oct. 11, 2007, pet.
denied); In the Interest of C.C., No. 02-04-00206-CV, 2005 Tex. App.
LEXIS 4096, *20 (Tex. App.—Fort Worth May 26, 2005, no pet).  Additionally, a
trial court does not abuse its discretion in determining that it would be
against the children's best interest to delay the suit to evaluate a relative,
risking dismissal of the case.  In re Northrop, 305 S.W.3d 172, 177-178
(Tex. App.—Houston [1st Dist.] 2009, no pet.); In the Interest of C.C.,
2005 Tex. App. LEXIS 4096 at *20.  Further, E.F. provides no authority, and we
have found none, that suggests there is either a statutory or a common-law duty
imposed on the Department to make a placement with a relative before a party's
parental rights may be terminated.  

Even if section 263.114 mandated the
completion of a home study before termination could occur, it would not be a
bar to termination in this case.  The relative on whom a home study had not
been completed lived in South Carolina.  As the last sentence of the statute
states, “The time frames in this subsection do not apply to a relative or other
designated individual located in another state.”  Tex. Fam. Code Ann. § 262.114(a) (West Supp. 2010).  By its
own language, section 263.114 does not apply to the underlying case in this
appeal.

Accordingly, E.F.’s first issue is
overruled.

Findings of
Fact and Conclusions of Law

By her second issue, E.F. contends that
trial counsel’s failure to timely request findings of fact and conclusions of
law constitutes ineffective assistance of counsel.  E.F. filed a statement of
points with the trial court, but she did not include this issue as one of her
points.  Pursuant to the Texas Family Code, we may not address an issue that is
not included in a timely filed statement of points.  Tex. Fam. Code Ann. § 263.405(i) (West 2008); In re J.H.G.,
302 S.W.3d 304, 306 (Tex. 2010).  An appellant may make a due process claim and
raise ineffective assistance of counsel on appeal when there is a complete
failure to file the statement of points which precludes the reviewing court
from considering a meritorious complaint.  See In re J.O.A., 283
S.W.3d 336 (Tex. 2009); see also In the Interest of B.G., 317 S.W.3d
250, 256 (Tex. 2010).  However, that is not the situation here because a
statement of points was filed.  Further, even if a statement of points had not
been filed, E.F. did not raise a due process claim on appeal. 

Accordingly, E.F.’s failure to challenge
the effectiveness of her trial counsel in her statement of points waives the
issue on appeal.[1] 
See In re J.H.G., 302 S.W.3d 304, 306 (Tex. 2010).




Factual
Sufficiency

In her third issue, E.F. argues that the
evidence is factually insufficient to justify termination of her parental
rights.  The trial court found two predicate acts required for termination and
found that termination was in the best interest of the child.  See Tex. Fam. Code Ann. § 161.001(1)(N), (O)
& (2) (West Supp. 2010).  E.F. contests the sufficiency of the evidence as
to both predicate acts but not as to the best interest finding.  

Termination decisions must be supported
by clear and convincing evidence.  Tex.
Fam. Code Ann. §§ 161.001, 161.206(a) (West 2008 & Supp. 2010). 
Evidence is clear and convincing if it "will produce in the mind of the
trier of fact a firm belief or conviction as to the truth of the allegations
sought to be established."  Id. § 101.007 (West 2008).  In
reviewing the evidence for factual sufficiency, we give due deference to the
fact-finder's findings and do not supplant the judgment with our own.  In re
H.R.M., 209 S.W.3d 105, 108 (Tex. 2006).  We must determine whether, on the
entire record, a fact-finder could reasonably form a firm conviction or belief that
the parent violated the relevant provisions of section 161.001(1) and that the
termination of the parent-child relationship would be in the best interest of
the child.  In the Interest of C.H., 89 S.W.3d 17, 28 (Tex. 2002).  If,
in light of the entire record, the disputed evidence that a reasonable
fact-finder could not have credited in favor of the finding is so significant
that a fact-finder could not reasonably have formed a firm belief or conviction
in the truth of its finding, then the evidence is factually insufficient.  H.R.M.,
209 S.W.3d at 108.

E.F. contends the evidence is factually
insufficient to support the trial court’s finding that E.F. constructively
abandoned G.B.II because there was “no testimony” that she failed to regularly
visit or maintain significant contact with G.B.II and there was “no evidence”
that she was unable to provide G.B.II with a safe environment.  See Tex. Fam. Code Ann. § 161.001(1)(N)(ii)
& (iii) (West Supp. 2010).

Although E.F. regularly visited G.B.II
once she was released from prison and then a transition center, she did not
maintain significant contact with him.  She did not bring anything with
her to the visits and did not inquire about G.B.II’s well-being when calling
the Department.  Further, sometime between the date the “Final Hearing Court
Report” was filed and the date the final hearing was held, that being ten days,
E.F. left the State without notifying the Department.  E.F. also could not
provide G.B.II with a safe environment because she had been homeless for some
time and left the State without letting the Department know where she was
living.  After reviewing the entire record, we find a fact-finder could
reasonably form a firm conviction or belief that E.F. constructively abandoned
G.B.II.  

Because only one predicate act, in this
case subsection (N), under section 161.001(1) is necessary to support a
judgment of termination when there is also a finding that termination is in the
child's best interest, we do not reach E.F.’s complaint regarding the trial
court’s finding under subsection (O).  See In re A.V., 113 S.W.3d
355, 362 (Tex. 2003).  Accordingly, E.F.’s third issue is overruled.




Conclusion

            Having overruled each issue
properly presented, we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed June 1, 2011

[CV06]




APPENDIX

 



 

IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00244-CV

 

In
the Interest of G.B. II, a Child

 

 



From the 52nd District
Court

Coryell County, Texas

Trial Court No. 38594

 



ORDER










 

This proceeding
provides a good example of why the final termination proceeding should not be
heard by an associate judge unless there is an agreement to not have a de novo
hearing before the referring court.  In this proceeding, the associate judge
signed an order terminating the parental rights of E.F. and G.B. to their
child, G.B. II, on May 14, 2010.[2] 
E.F. timely requested a de novo review of the associate judge’s order.  Tex. Fam. Code Ann. § 201.015(a)
(Vernon Supp. 2009).  The matter was set for hearing before the referring judge
on May 20, 2010.  The record indicates that E.F.’s trial counsel intended to
“pass” on the hearing and waive her right to a de novo hearing; however, there is
not an entry on the docket sheet reflecting the waiver on that date.  On June
25, 2010, E.F. filed a notice of appeal and a waiver of the de novo hearing. 
This Court responded by questioning its jurisdiction because it appeared that
E.F. was attempting to appeal from an order that was not final and requested
the parties brief the issue.  Tex. Fam.
Code Ann. § 201.106(b) (Vernon 2008).  

We first
determine whether the notice of appeal was timely filed.  The initial question
before us is when E.F. waived de novo review resulting in the associate judge’s
order becoming the order of the referring court.  Tex. Fam. Code Ann. § 201.2041(a)  (Vernon 2008).  While we
do not approve of the delay caused by requesting a hearing and then waiving it,
the associate judge’s order became final only when the hearing was expressly
waived on June 25, 2010.  The notice of appeal was timely filed on the same
date as the waiver.  The notice of appeal was timely. 

We next
determine whether, in view of our order on August 11, we will proceed on the
associate judge’s determinations or the determinations of the referring court. 
In the August 11 order, in an attempt to expedite the hearing process, this
Court directed the referring court to conduct all hearings, to the extent not already
held, to comply with Tex. Fam. Code Ann.
§ 263.405 (Vernon 2008).  Unknown to this Court at the time of the
order, the associate judge had already held a section 263.405 hearing and made
determinations.  The referring court, in an effort to comply with this Court’s
order, held another 263.405 hearing.  However, because the associate judge had
already conducted the 263.405 hearing and made determinations, the referring
court’s determinations were not necessary under our August 11 order. 
Nevertheless, E.F. requested a de novo hearing of the associate judge’s rulings
from the 263.405 hearing.  Thus, the next question is whether a request for a
de novo hearing by the referring court after the 263.405 hearing is proper
under the process of referral to an associate judge. 

            Section 263.405(d) states
that the “trial court” shall hold a hearing after the final order is signed.  The
associate judge was the trial court in this case.  The associate judge held the
section 263.405 hearing on July 23.  Appeal from the section 263.405 hearing is
directly to this Court and not to the referring court.  Tex. Fam. Code Ann. § 263.405(g).  Allowing a de novo review
by the referring court after the 263.405 hearing would impede the legislature’s
purpose of making this an accelerated appeal to expedite the process for
bringing certainty to the lives of the children who are the subject of these
suits.  Therefore, we hold that we must proceed on the associate judge’s order
and that an “appeal” of a 263.405 hearing is not to the referring court.  

The associate
judge found that E.F. is indigent and that the appeal is frivolous.  The
Department does not challenge the associate judge’s finding that E.F. is
indigent.  Therefore, we uphold the finding of indigency.

            The associate judge found
that the appeal was frivolous because the notice of appeal was untimely. 
Having found that the notice of appeal was timely, we reverse the associate
judge’s finding that the appeal is frivolous as untimely filed.  Accordingly,
the parties must proceed to merit briefing as soon as the full record is
available.  All appellate deadlines for filing the record and the briefs on the
merits will run from the date of this order.

PER CURIAM                                                                       

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed November 24, 2010

 









[1]
If we could review this issue, we would overrule it.  In a trial to the court
where no findings of fact or conclusions of law are filed, the trial court's
judgment implies all findings of fact necessary to support it.  Roberson v.
Robinson, 768 S.W.2d 280, 281 (Tex. 1989).  However, where a reporter's
record is filed, as in this case, these implied findings are not conclusive,
and an appellant may challenge them by raising both legal and factual
sufficiency of the evidence issues.  BMC Software Belg., N.V. v. Marchand,
83 S.W.3d 789, 795 (Tex. 2002).  E.F. has raised a factual sufficiency of the
evidence issue.  Consequently, E.F. has not shown that her counsel's
representation fell below the standard of prevailing professional norms by not
timely requesting the trial court to enter findings of fact and conclusions of
law.  See In the Interest of M.C.T., 250 S.W.3d 161, 172 (Tex.
App.—Fort Worth 2008, no pet.).  Further, the procedural history of this case
is somewhat unusual.  In Interest of G.B., No. 10-10-00244-CV, 2010 Tex.
App. LEXIS 9471 (Tex. App.—Waco Nov. 24, 2010, order) (not designated for
publication) (attached as an appendix to this opinion).  That history reflects
some substantial thought was given to various procedural issues.  In
particular, post judgment decisions were made which resulted in counsel having
substantial additional time before the judgment was final for purposes of
appeal as well as for purposes of section 263.405.  Tex. Fam. Code Ann. § 263.405 (West 2008).  Without more to
establish that having the relatively few findings that are implied by the
judgment reduced to writing was in some manner critical to the appeal, we could
not hold that counsel was ineffective for not requesting them sooner.





[2]
 G.B. is not a party to this appeal.