

# NUMBER 13-09-667-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **ONE (1) 2002 JEEP, VIN# 1J4GK48K52W123230,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 117th District Court
### of Nueces  County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Vela

Following a bench trial, the trial court found a 2002 Jeep (the vehicle) to be contraband subject to forfeiture. *See* Tex. Code. Crim. Proc. Ann. Art. 59.02 (Vernon 2006 & Supp. 2009).  The trial court found that the driver, Thelma Castaneda, had an equitable ownership interest in the vehicle, and forfeited the vehicle to the State.  By one issue,

appellant, Joe Castaneda, the vehicle's registered owner, challenges the legal and factual sufficiency of the evidence to support the forfeiture. We affirm.

## I. Factual Background.

Appellant is the registered owner of the vehicle. On January 22, 2009, Police officers Robert Alvarado and David Blackman stopped the vehicle for a traffic violation in Corpus Christi, Texas in connection with a narcotics stake out. Officer Alvarado testified that Thelma, the driver, claimed she did not have her driver's license or car insurance with her. Officer Blackman testified that, at the time of the stop, he could smell fresh marihuana and his eyes began to water near the vehicle. He stated that because of an allergy to marihuana, his eyes water when he is near it. At this point, the officers arrested Thelma and the vehicle was impounded, subject to a search. A subsequent search of the vehicle revealed approximately eleven pounds of marihuana in a duffel bag.

Officer Luis Rodriguez, the forfeiture investigator, testified that he looked into the vehicle while it was in the impound lot. He found the insurance card in the vehicle, which listed both appellant and Thelma as named insureds. Officer Rodriguez also saw and photographed hair bands on the gear shift and in the cup holder area, similar to the hair bands being worn by Thelma at trial. He stated that not every interest holder in a vehicle is a registered owner and that he had determined that Thelma was the primary user and drove the car regularly. When questioned further about the insurance card, Officer Rodriguez stated that, based upon his experience, the name on the card is usually a driver. He further testified that being an insured person creates an interest in the vehicle for the individuals listed, and it was his opinion that appellant and Thelma both had interests in the

2

vehicle.

Appellant is a city wastewater treatment employee and Thelma's ex-husband. At trial, appellant raised the "innocent owner" affirmative defense as allowed by the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02(c). Appellant testified that he purchased the vehicle alone and had placed Thelma on the insurance to "mend fences" with his ex-wife and to allow her to take their grandchildren to the doctor as needed. Appellant also said that the hair bands in the vehicle belonged to his daughters and granddaughters.

On cross examination, appellant testified that he is the registered owner of two other vehicles in addition to the vehicle at issue. The vehicles are available for family members to borrow for short periods of time, provided they first ask appellant's permission. Appellant also stated that when other relatives borrowed a vehicle they were not necessarily placed on the insurance. He testified that Thelma had been on the insurance for approximately six weeks before the stop. However, appellant admitted that the insurance card's effective dates were from September 13, 2008 through March 13, 2009. Appellant stated that on January 22, 2009, he searched for the vehicle but upon learning Thelma had it, he did not report it as stolen. Additionally, on cross examination, appellant admitted that he had answered an interrogatory, under oath, which acknowledged Thelma as an interest holder and user of the vehicle. When further questioned about his response, he responded that it was an oversight.

At trial, Thelma testified that she and appellant currently had no common-law relationship. She said that appellant has several vehicles that she is allowed to drive; however, she did not contribute toward the purchase of any of them. Thelma also testified

3

that on the morning of January 22, 2009, she took the keys and the vehicle from appellant's residence. When questioned about the vehicle, she stated that she had never really driven the vehicle before but admitted that her name and appellant's name were on the insurance card that was found inside the vehicle. Thelma testified that, "[appellant] put me on because my kids need me sometimes, but that doesn't mean I drive it."

The trial court determined that regardless of appellant's innocent owner defense, Thelma had an equitable ownership interest in the vehicle. The court commented that it found Thelma's testimony "hardly credible" and believed appellant's answer to the interrogatory was truthful. Thus, the vehicle was forfeited to the State.

## II. Discussion

By a single issue, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's decision. In particular, he contends that the evidence is insufficient to show that Thelma was an owner or interest holder of the vehicle.

### A. Applicable Law

A forfeiture proceeding under the code of criminal procedure is a civil proceeding. TEX. CODE CRIM. PROC. ANN. art. 59.05(a) (Vernon 2006); *see also Five Hundred & Eighty Five Dollars in U.S. Currency v. State*, No. 03-09-00012-CV, 2009 WL 2837716, at *1 (Tex. App.–Austin Aug. 31, 2009, no pet.) (mem. op.). In order for the State to prevail in a forfeiture proceeding, it is required to prove, by a preponderance of the evidence, that the property is contraband, and thus, subject to forfeiture to the State. *Forty Three Thousand Seven Hundred & Seventy Four Dollars in U.S. Currency v. State*, 266 S.W.3d 178, 182 (Tex. App.–Texarkana 2008, pet. denied) (citations omitted). "Contraband" is defined as

4

property of any nature used in the commission of certain felonies. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01(2)(A)-(E) (Vernon 2006 & Supp. 2009). Article 59.01 also defines "owner" as "a person who claims an equitable or legal ownership interest in the property" and defines "interest holder" as "the bona fine holder of a perfected lien or perfected security interest in property". *Id*. art. 59.01(4), (6).

After the State satisfies its burden of proof, there is a statutory provision commonly known as the "innocent owner" defense. *Forty Three Thousand Seven Hundred & Seventy Four Dollars in U.S. Currency*, 266 S.W.3d at 182; *see* TEX. CODE CRIM. PROC. ANN. art. 59.02(c). This prevents forfeiture if the claimant demonstrates, by a preponderance of the evidence, that he acquired and perfected the interest prior to or during the act giving rise to the forfeiture, and did not know or should not reasonably have known of the act giving rise to the forfeiture or that it was likely to occur at or before the time of acquiring and perfecting the interest. *Forty Three Thousand Seven Hundred and Seventy Four Dollars in U.S. Currency*, 266 S.W.3d at 182; *see* TEX. CODE CRIM. PROC. ANN. art 59.02 (c)(1).

## B. Standard of Review

When legal and factual sufficiency challenges are raised on appeal, the applicable standard of review is the same as that to be applied to a jury's findings or a trial court's findings of fact. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *see also One Thousand Five Hundred & Ninety Five Dollars in U.S. Currency v. State*, No. 02-05-00181-CV, 2005 WL 3436564, at *1 (Tex. App.–Forth Worth Dec. 15, 2005, no pet.) (mem. op.). When findings of fact and conclusions of law are neither filed nor requested, we must presume that the trial court made all the necessary findings to support the judgment. *One*

5

*Hundred and Sixty Two Thousand Nine Hundred & Fifty Dollars in U.S. Currency v. State*, 911 S.W.2d 528, 529 (Tex. App.–Eastland 1995, writ denied).

Under the applicable standards, evidence is legally insufficient when: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is not more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). When considering factual sufficiency, we consider all of the evidence, setting aside the verdict only if the evidence is so weak that it is clearly wrong or manifestly unjust, or if the finding is so against the great weight and preponderance of the evidence. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *see Forty Three Thousand Seven Hundred & Seventy Four Dollars in U.S. Currency*, 266 S.W.3d at 183.

**C. Analysis**

The State presented evidence that the vehicle was seized in Corpus Christi, Texas, on January 22, 2009, and a subsequent search of that vehicle revealed it to be contraband subject to forfeiture. Appellant contends that Thelma is not an owner or interest holder in the vehicle; thus because he was an "innocent owner," the vehicle should not be forfeited to the State.

Contending that Thelma did not have an interest in the vehicle, appellant presented evidence that: (1) he currently owns three vehicles; (2) he is the registered owner of the vehicle in question; (3) he allows family members to borrow the vehicles with his permission for short periods of use; (4) he bought the vehicle entirely on his own; (5) he

and Thelma divorced in 1988; (6) he currently does not have a common-law relationship with Thelma; (7) he added Thelma's name to the insurance to "mend fences," and for emergencies only; (8) Thelma's name had been on the insurance for approximately six weeks; (9) he was not aware that Thelma had the vehicle on January 22, 2009; (10) the hair bands found in the vehicle belonged to his children and grandchildren; and (11) title to a vehicle cannot be acquired solely by an insurance card.

The State presented contrary evidence that: (1) upon learning who had taken the vehicle on January 22, 2009, appellant did not report the vehicle as stolen; (2) appellant indicated in a sworn answer to an interrogatory that Thelma was a user of the vehicle; (3) when appellant lends the vehicle to other family members, he does not add their names to insurance; (4) the insurance card lists both Thelma and appellant as named insureds; (5) the insurance card had an effective period from September 13, 2008 to March 13, 2009; (6) it was appellant's idea to add Thelma to the insurance; (7) having someone's name listed as insured creates a financial interest in the vehicle for that individual; and(8) the hair bands found in the vehicles were very similar to the hair bands worn by Thelma at trial.

Additionally, the State presented evidence that there are instances where people have an interest in the vehicle, yet are not listed as registered owners. Under the forfeiture statute, an "owner" is someone who claims an *equitable or legal* interest in property. *2004 Volkswagen Jetta v. State*, 285 S.W.3d 507, 511 (Tex. App.–Dallas 2009 no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 59.01(6). In *2004 Volkswagen Jetta v. State*, the court affirmed the forfeiture of a vehicle reasoning that it is not necessary to show the driver to be the sole owner, but rather that the driver is *an* owner. *2004 Volkswagen Jetta*, 285

S.W.3d at 511. There, the vehicle was purchased by and registered in the name of Lori Jamison, yet her son Scott was found to be the primary driver, and an equitable interest holder in the vehicle. *Id*. at 509, 511. A similar result was obtained in *Arnold v. State*, where the court held it was reasonable to infer that two or more people may be owners of a vehicle and that one of them would be the sole equitable owner. 793 S.W.2d 305, 308 (Tex. App.–Austin 1990, no writ).

Although the facts here differ slightly from those in *2004 Volkswagen* and *Arnold*, common to all these cases is the fact that the vehicle had both legal and equitable owners. Here, the trial court determined that Thelma had an equitable ownership interest in the vehicle based upon the insurance card and appellant's responses to the interrogatories. As stated above, we will presume that the trial court made all the necessary findings to support the judgment. *See One Hundred and Sixty Two Thousand Nine Hundred & Fifty Dollars in U.S. Currency*, 911 S.W.2d at 529. Thus, we conclude that the evidence is legally and factually sufficient. There is evidence supporting the trial court's judgment, and the court's judgment is not so weak that it is clearly wrong or manifestly unjust or against the preponderance of the evidence. Appellant's sole issue is overruled.

### III. Conclusion

We affirm the trial court's judgment.

ROSE VELA
Justice

Delivered and filed the 8th
day of July, 2010.

8