**DILSTON HOUSE CONDOMINIUM ASSOCIATION, Appellant**

v.

**Dianne WHITE, Appellee.**

**No. 14–05–00960–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 19, 2007.

---

6. *See ante* at p. 707.

7. *See ante* at p. 708.

Casey Jon Lambright, Andrew Joseph Mihalick, Jill E. Morton, Houston, for Appellant.

Christopher A. Keiser, Walter Edward Spears, Houston, for Appellee.

---

Panel consists of Justices ANDERSON, FROST, and Senior Justice MIRABAL.[*]

**OPINION**

MARGARET GARNER MIRABAL, Senior Justice.

In this appeal, we are asked to determine whether the trial court erred by failing to award attorney's fees and costs of litigation to appellant, Dilston House Condominium Association, as the prevailing party in a suit to enforce a condominium declaration and bylaws. We affirm.

**Factual and Procedural Background**

Dianne White, the owner of a condominium at Dilston House Condominiums in Houston, sued the Association for allegedly violating the condominium's declaration, by-laws, and regulations by relocating her parking space, placing a large dumpster in the adjacent space, and failing to maintain the dumpster. Ms. White asserted claims based on breach of contract and negligence, and sought a permanent injunction, damages, and attorney's fees and costs. The Association answered and counterclaimed for attorney's fees and costs of court "pursuant to Plaintiff's Restrictions" and, alternatively, Texas Property Code section 5.006 or Texas Civil Practice and Remedies Code Chapter 38.

The case was tried to the court. At the start of the trial, Ms. White's counsel, Mr. McLaurin, objected to one of the Association's counsel, Mr. Schimmel, testifying to the Association's attorney's fees, because Mr. Schimmel had not been designated as an expert. The court did not rule on this objection. After several preliminary issues were addressed, the trial proceeded with Ms. White's testimony and the testimony of Mr. McLaurin concerning White's reasonable attorney's fees. Mr. McLaurin testified concerning his experience as a

[*] Senior Justice Margaret G. Mirabal sitting by assignment.

lawyer, the time spent on the case, the various filings and activities required, the time involved, and other factors, and concluded that the amount of reasonable attorney's fees incurred by his client was $22,413.50. After White rested her case, the Association moved for judgment in its favor, which was denied. The Association then rested without calling any witnesses.

The final judgment denies all of Ms. White's claims, and denies the Association's claim for attorney's fees and costs. The Association moved for reconsideration and to modify the judgment as to attorney's fees and costs, arguing in part that it was entitled to reasonable attorney's fees and costs under section 82.161(b) of the Uniform Condominium Act, but the trial court denied the motion. This appeal followed.

### Analysis of the Association's Issue

The Association contends the trial court erred in denying its claim for attorney's fees and costs and its motion for reconsideration because an award is mandatory under section 82.161(b) of the Uniform Condominium Act,[1] which provides that "[t]he prevailing party in an action to enforce the declaration, bylaws or rules is entitled to reasonable attorney's fees and costs of litigation from the nonprevailing party." See TEX. PROP.CODE § 82.161(b). In response, White asserts that the Association waived any claim for attorney's fees because it failed to present evidence to support an award, it did not plead that it was entitled to attorney's fees under section 82.161(b), and it is not entitled to defensive attorney's fees under section 82.161.[2]

Generally, the reasonableness of attorney's fees is a question of fact to be determined by the fact-finder and the award, if any, must be supported by competent evidence. See Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex.1998); Great Am. Reserve Ins. Co. v. Britton, 406 S.W.2d 901, 907 (Tex.1966); see also Charette v. Fitzgerald, 213 S.W.3d 505, 513 (Tex.App.-Houston [14th Dist.] 2006, no pet.). The party seeking to recover attorney's fees carries the burden of proof. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex.1991).

The Association neither requested nor obtained findings of fact and conclusions of law; therefore, on appeal we presume the trial court made all findings in favor of its judgment. See Pharo v. Chambers County, 922 S.W.2d 945, 948 (Tex.1996). Because a complete reporter's record is a part of the appellate record in this case, the Association may challenge the legal and factual sufficiency of the trial court's findings. See Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex.1989). We apply the same standards of review to these challenges as those applied in the review of jury findings. See id.

At trial, the Association did not call any witnesses or offer any documents relevant to its claim for reasonable attorney's fees. On appeal, it relies on testimony elicited from White's counsel, Mr. McLaurin, during cross-examination. The exchange between Mr. McLaurin and another of the Association's attorneys, Mr. Lambright,[3] began as follows:

Q. [Mr. Lambright] Briefly. Do you feel that your firm put significantly

---

1. See Tex. Prop.Code §§ 82.001–.164.

2. To resolve this appeal, we will assume, without deciding, that the Association sufficiently pleaded for attorney's fees and that a defending party may qualify as a prevailing party entitled to attorney's fees under section

82.161(b). Thus, the dispositive issue becomes whether the trial court erred in refusing to award attorney's fees and costs to the Association based on the record evidence.

3. Both Mr. Lambright and Mr. Schimmel initially appeared on behalf of the Association.

more effort into prosecuting this case than it would take to defend this case?

A. [Mr. McLaurin] Would you repeat the question?

Q. Do you think that the amount of time and effort and energy you-all put into this case approximately was a lot more than it would take to defend this case?

THE COURT: In other words do you expect both sides to have spent about the same amount of energy, time and money?

A. I would have to say I have no way of knowing because I had not approached this from a defense perspective. In order to testify as to what a defense lawyer would have to do, I would have to put myself in the place of a defense counsel and I might handle it differently; so, no, I don't agree with that assessment so I didn't.

Q. Is it your testimony that you think your attorney fees are significantly higher than defense attorney fees?

A. I don't know. I have seen no evidence of what defense's attorney fees are. I have no way of knowing that.

After two additional questions and a discussion off the record, Mr. McLaurin offered the following qualification of his previous answer:

A. [Mr. McLaurin] I would be of the opinion that the correspondence and preparation for certain appearances in court would be reasonably similar between sides but I would have to point out that counsel was just substituted into this case a month ago; so, I do believe there could be some duplication of attorney fees and new counsel coming in as well as the half a dozen motions which were filed at the time

that we had our last trial setting. So, I would ... offset by those amounts.

Q. [Mr. Lambright] Setting apart those additional items you just put off to the side, would you agree with me that but for those issues, somewhere in the range of 20–22–25 thousand dollars is reasonable attorney fees for the defense counsel for trying the other side of this case?

A. Yes.

■ It is this last exchange the Association contends supports a judgment awarding it $22,413.50 for reasonable attorneys fees and costs through trial, an additional $10,000.00 for a successful appeal, and $5,000 in the event of a successful appellate defense in the Supreme Court of Texas, as well as costs of court.[4] Alternatively, the Association contends the exchange constitutes at least "some evidence" entitling it to a remand on the issue of reasonable attorney's fees under section 82.161.

Initially, we reject the Association's contention that, on this record, it is entitled to the specific amounts requested. There is no evidence to support an assumption that its attorney's fees would be the same as the amount Ms. White's attorney testified was the amount of his reasonable attorney's fees. In fact, Ms. White's attorney testified that he did not know what a reasonable defense attorney's fee would be and he had seen no evidence of defense counsel's fees in this case.

We turn next to the Association's contention that the record contains "some evidence" of its reasonable fees based on Ms. White's counsel's conditionally affirmative response to the question whether a range of $20,000 to $25,000 was a reasonable fee for defense counsel.

4. Ms. White's attorney testified that $22,413.50 is the amount Ms. White had reasonably incurred. Ms. White's attorney did not testify about appellate attorney's fees at all, and neither did any other witness.

The testimony of Ms. White's counsel demonstrates that he did not know whether the Association's attorney had spent the same amount of energy, time, and money on the defense as he had spent on Ms. White's case. The Association's counsel did not make any attempt to quantify the "correspondence and preparation for certain appearances in court," which Ms. White's counsel opined could be "reasonably similar." On these facts, an opposing counsel's opinion that a reasonable fee for the defense of the case would be an amount somewhere within a range is not evidence that the Association actually reasonably incurred such attorney's fees.

The Texas Supreme Court has identified the factors the trial court is to consider in evaluating the reasonableness of attorney's fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997) (identifying non-exclusive list of factors the trial court should consider). General statements of reasonableness are insufficient to support an award of attorney's fees. *See Sieber & Calicutt, Inc. v. La Gloria Oil & Gas Co.*, 66 S.W.3d 340, 351 (Tex.App.-Tyler 2001, pet. denied) (holding trial court did not abuse its discretion in failing to award attorney's fees in contract dispute when attorney testified amounts were reasonable but failed to testify concerning *Arthur Andersen* factors); *Nguyen Ngoc Giao v. Smith & Lamm, P.C.*, 714 S.W.2d 144, 149 (Tex.App.-Houston [1st Dist.] 1986, no pet.) (noting that an attorney's general statement that the amount sought is reasonable and necessary will not support the issue of reasonableness); *see also Replacement Rent–A–Car, Inc. v. JCD, Inc.*, No. 05–92–00379–CV, 1992 WL 379424, at *4 (Tex.App.-Dallas 1992, no pet.) (not designated for publication) (holding that counsel's testimony that a reasonable attorney's fee for an appeal would be "[p]robably four to five thousand dollars"

was too vague to prove conclusively a reasonable attorney's fee for an appeal).

Before a court can award attorney's fees, the party requesting the fees must prove they are reasonable and necessary. *Manon v. Tejas Toyota, Inc.*, 162 S.W.3d 743, 751 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Even when an award of attorney's fees is mandatory under an applicable statute, the requesting party is still required to offer evidence to support an award. *See id.; Sieber & Calicutt, Inc.*, 66 S.W.3d at 351. We hold that, on these facts, the Association failed to meet. its burden of proof and, therefore, the trial court's judgment is supported by the evidence. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (the appellate court may set aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust).

Because the trial court's judgment denying the Association's attorney's fees and cost in this case is supported by the evidence, the case law the Association relies on to support a remand for a new trial is distinguishable. *See Great Am. Reserve Ins. Co.*, 406 S.W.2d at 907 (remanding for a new trial on attorney's fees when plaintiff's award of $4,000 in attorney's fees was unsupported by legally sufficient evidence); *Cale's Clean Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784, 787 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (affirming trial court's disregard of jury's award of zero attorney's fees when party was entitled to attorney's fees and attorney presented uncontradicted evidence of reasonable fees supporting trial court's award); *Inwood North Homeowners' Ass'n, Inc. v. Meier*, 625 S.W.2d 742, 745, 746–47 (Tex.Civ.App.-Houston [1st Dist.] 1981, no writ) (remanding for determination of reasonable attorney's fees when trial court could have determined amount from extensive evidence presented but did

not do so). These cases do not hold that a trial court errs by refusing to award attorney's fees when a party fails to satisfy its burden of proof to demonstrate the reasonableness of the attorney's fees requested.[5]

Finally, the Association contends the trial court may take judicial notice of the factors a court should consider in awarding attorney's fees, citing *Musgrave v. Brookhaven Lake Prop. Owners Ass'n*, 990 S.W.2d 386 (Tex.App.-Texarkana 1999, pet. denied). In that case, the trial court awarded attorney's fees under Property Code section 5.006 "as determined by judicial notice." *Id.* at 401. On appeal, the appellate court determined that the trial court could take judicial notice of its own file to provide the information it needed to consider awarding attorney's fees under the statute. *See id.* at 401–02. However, the *Musgrave* court did not hold that the trial court is *required* to take judicial notice of factors relevant to attorney's fees, and the Association does not cite any authority stating a trial court commits an abuse of discretion by not taking judicial notice regarding attorney's fees. We note that the Association did not request the trial court to take judicial notice during the trial.

Further, an argument that Texas Civil Practice and Remedies Code section 38.004 authorized the trial court to take judicial notice regarding attorney's fees is without merit. The Association seeks attorney's fees under Uniform Property Code section 82.161(b) only. This court has held that a trial court may not use Texas Civil Prac-

tice and Remedies Code sections 38.003 and 38.004 to take judicial notice of the reasonableness of attorney's fees in cases brought under statutes other than Texas Civil Practice and Remedies Code section 38.001. *See, e.g., Charette v. Fitzgerald*, 213 S.W.3d 505, 514–15 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (vacating attorney's fee awarded pursuant to Texas Property Code section 92.0081); *London v. London*, 94 S.W.3d 139, 147–49 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (holding trial court erred in awarding attorney's fees under Family Code in absence of supporting evidence).

Accordingly, we overrule the Association's issue.

## Conclusion

We affirm the trial court's judgment.

---

5. For the same reason, the Association's contention that several cases cited by Ms. White support a remand is without merit. *See McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 211 (Tex.App.-Austin 2005, pet. denied) (reversing and remanding jury's award of zero attorney's fees because not supported by the evidence); *Sieber & Calicutt, Inc.*, 66 S.W.3d at 351 (no error in trial court's refusal

to award attorney's fees when requesting party failed to prove fees requested were reasonable); *Nguyen Ngoc Giao*, 714 S.W.2d at 149 (reversing and remanding grant of summary judgment awarding attorney's fees when opposing party presented evidence raising material fact issues regarding reasonableness of fees).