**AFFIRM; and Opinion Filed January 14, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01468-CV

### BUCK PORTER, Appellant
### V.
### A-1 PARTS, Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-02644-D**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Osborne
Opinion by Justice Osborne

After a nonjury trial, the trial court rendered judgment for appellant Buck Porter. The judgment did not include an award of attorney's fees. In one issue, Porter argues that the trial court erred by denying an award of attorney's fees because his attorney's invoice was admitted into evidence without objection. We affirm the trial court's judgment.

### BACKGROUND

Porter purchased an injector pump for his truck at appellee A-1 Parts for $650. After a two-week delay, A-1 Parts delivered the pump to Porter's mechanic Chayn Gaines. Gaines informed Porter that the pump's key was missing, and the pump would not work without it. Porter contacted A-1, but A-1 did not provide the key and refused to refund the $650. Several weeks later, Porter found another pump, but he was without the use of his truck for his work for almost two months.

He sued A-1 alleging causes of action for deceptive trade practices and fraud. He sought $19,577.75 in damages, including $14,832 "for reasonable rent value" of the truck and $3,000 in time lost from his business. Porter also pleaded for attorney's fees under section 17.50(d), Texas Business and Commerce Code, and "common law."

The case proceeded to trial before the court. Porter, Gaines, and Porter's son and daughter testified at trial, as did Chris Nasrallah, A-1's owner. Plaintiff's Exhibit 6, an invoice in the amount of $8,703.03 from Porter's attorney to Porter, was admitted into evidence without objection. Porter did not offer any other evidence to support his request for attorney's fees.

The trial court rendered judgment for Porter for $650 in damages, plus interest and costs of court. The judgment also provides, "There is no recovery for attorney's fees, as no testimony exists in the record to prove the reasonableness and necessity of attorney's fees." Porter filed a motion for new trial complaining of the trial court's failure to award him attorney's fees, but did not request findings of fact or conclusions of law. Porter's motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

APPLICABLE LAW AND STANDARD OF REVIEW

When a trial court sits as the trier of fact, the amount of an attorney's fee award generally rests in the trial court's sound discretion, and its judgment will not be reversed on appeal absent a clear abuse of discretion. *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied). Sufficiency of the evidence to support the award is a relevant factor in assessing whether the trial court abused its discretion. *Id.*; *see also Brazos Elec. Power Co-op., Inc. v. Weber*, 238 S.W.3d 582, 583 (Tex. App.—Dallas 2007, no pet.) (in reviewing trial court's award of attorney's fees under mandatory statute, appellate court "asks whether there was sufficient evidence that the fees awarded were in fact reasonable and necessary").

Where no findings of fact or conclusions of law are requested or filed after a nonjury trial, it is implied that the trial court made all the findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).[1] These implied findings may be challenged for legal and factual sufficiency where, as here, a reporter's record is included in the record on appeal. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam). We review implied findings by the same standards we use in reviewing the sufficiency of the evidence to support a jury's answers or a trial court's fact findings. *Id.* In conducting a legal sufficiency review, we must determine whether the evidence would enable the factfinder to reach the determination under review. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). We will not disturb a finding for factual insufficiency unless the evidence in support of the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). In the absence of findings of fact and conclusions of law, a trial court's judgment will be upheld on any available legal theory supported by the evidence. *Rosemond v. Al–Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam).

Porter pleaded causes of action for common law fraud and violations of the DTPA. A plaintiff may not recover attorney's fees in an action for common law fraud. *Alexander v. Kent*, 480 S.W.3d 676, 698 (Tex. App.—Fort Worth 2015, no pet.). A plaintiff who prevails in a DTPA cause of action "shall be awarded court costs and reasonable and necessary attorneys' fees." TEX. BUS. & COM. CODE ANN. § 17.50(d). But "[e]ven when an award of attorney's fees is mandatory under an applicable statute, the requesting party is still required to offer evidence to support an

---

[1] Statements in the trial court's judgment are not findings of fact. *See* TEX. R. CIV. P. 299a ("Findings of fact shall not be recited in a judgment."); *In re RSR Corp.*, 405 S.W.3d 265, 271 n.3 (Tex. App.—Dallas 2013, orig. proceeding); *Casino Magic Corp. v. King*, 43 S.W.3d 14, 19 n.6 (Tex. App.—Dallas 2001, pet. denied).

award." *Dilston House Condo. Ass'n v. White*, 230 S.W.3d 714, 718 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

An award of attorney's fees under the DTPA must be reasonable. *Cain v. Pruett*, 938 S.W.2d 152, 158 (Tex. App.—Dallas 1996, no writ). "Except where the reasonableness of attorney's fees may be presumed, their reasonableness is a fact question and must be supported by competent evidence." *Id.*; *see also Smith v. Smith*, 757 S.W.2d 422, 425 (Tex. App.—Dallas 1988, writ denied) (reasonableness of fee claimed under DTPA must be established by evidence).[2] "The reasonableness of attorney's fees is ordinarily left to the factfinder," and an appellate court may not substitute its own judgment for that of the factfinder. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009).

When determining the reasonableness of fees under DTPA section 17.50(d), the finder of fact should consider factors including the time and labor required, the amount involved and the results obtained, the experience and ability of the lawyer performing the services, and other factors identified by the supreme court in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), although evidence on all of the factors is not necessary. *See Halsey v. Halter*, 486 S.W.3d 184, 189 (Tex. App.—Dallas 2016, no pet.) ("Courts are not required to receive evidence on each *Arthur Andersen* factor before awarding attorney's fees."). The party seeking an award of attorney's fees under the DTPA bears the burden of proving the reasonableness and necessity of the fees. *Creditplex Auto Sales L.L.C. v. Bishop*, 2018 WL 4090528, at \*4 (Tex. App.—Dallas Aug. 28, 2018, pet. denied) (mem. op.); *see also In re Bent*, 487 S.W.3d 170, 184 (Tex. 2016) (orig. proceeding) (citing *Arthur Andersen & Co.*, 945 S.W.2d at 819) (award of fees "not automatic" even under mandatory statute).

---

[2] Porter relies on *Smith* for the proposition that "the reasonableness of fees may be presumed." We explained in *Smith* that reasonableness of attorney's fees could be presumed under chapter 38 of the civil practice and remedies code. *Smith*, 757 S.W.2d at 425. We also explained, however, that reasonableness of fees under the DTPA could not be presumed but "must be established by evidence." *Id.*

## DISCUSSION

Porter argues that he was not required to offer evidence of the reasonableness and necessity of his attorney's fees because Plaintiff's Exhibit 6, his attorney's fee invoice, was admitted into evidence without objection, and an award of fees was mandatory under the DTPA.

Neither Porter nor his attorney testified to the reasonableness and necessity of the fees reflected in Plaintiff's Exhibit 6. Porter argues that because A-1 did not object to the admission of Plaintiff's Exhibit 6 or to Porter's failure to offer evidence of the reasonableness and necessity of his fees, the trial court was required to award fees. He argues that an award of fees is mandatory under the DTPA, citing *Manon v. Tejas Toyota, Inc.*, 162 S.W.3d 743, 751 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The court in *Manon* recognized that "an award of attorney fees is mandatory" under the DTPA. *See id.* Nonetheless, the court held the trial court did not err by refusing to award attorney fees because the plaintiffs failed to introduce any evidence of reasonableness. *See id.* at 752.

Porter bore the burden of proving reasonableness. *See Bishop*, 2018 WL 4090528, at \*4. Consequently, on appeal, the question is not whether A-1 objected to Porter's failure to offer evidence of reasonableness, but whether the evidence in the record is sufficient to support the trial court's implied finding that Porter did not meet his burden of proof. *See Dow Chem. Co.*, 46 S.W.3d at 242 (standard of review of issue on which appellant bore burden of proof). To attack the legal sufficiency of the evidence to support the trial court's adverse finding, Porter must demonstrate "that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Id.* at 241. To attack the factual sufficiency of the evidence, Porter must demonstrate "that the adverse finding is against the great weight and preponderance of the evidence." *Id.* The only evidence in the record is the amount of fees billed to Porter by his attorneys. Porter did not establish the reasonableness or necessity of the fees as a matter of law, and the trial court's implied finding

that Porter did not establish the reasonableness and necessity of his fees is not against the great weight and preponderance of the evidence. *See id.* at 241–42; *see also City of Keller,* 168 S.W.3d at 827.

Porter also argues that A-1 waived any objection to his failure to offer evidence of reasonableness, relying on *Brown v. Commission for Lawyer Discipline*, 980 S.W.2d 675, 685 (Tex. App.—San Antonio 1998, no pet.). In *Brown*, the trial court awarded fees even though the Commission failed to segregate its recoverable fees from the fees incurred for claims that it eventually abandoned. *See id.* The court explained that "[t]he segregation requirement can . . . be waived if the opposing party fails to object to unsegregated proof," noting that Brown's attorney stipulated to the reasonableness of the Commission's fees twice and stated on the record that the fees were interrelated. *Id.* at 684–85. The court concluded, "[g]iven this state of the record, the trial court would have been justified in concluding that the time spent on the abandoned matters did not constitute a substantial, severable portion of the $7200 requested and that $7200 was a reasonable approximation of the actual value of the representation." *Id.* In contrast to this record, the Commission in *Brown* offered testimony of the reasonableness of its fees. *See id*. Here, Plaintiff's Exhibit 6, the only evidence offered by Porter, does not include any information regarding either the reasonableness or the necessity of the fees reflected on it. Nor did A-1's attorney stipulate to the reasonableness of Porter's fees.

Porter also cites our opinion in *Weber*, where we concluded "that ample evidence supports the trial court's award" of attorney's fees. *See Weber*, 238 S.W.3d at 587. In *Weber*, an appeal of an eminent domain proceeding, Weber was the party seeking attorney's fees. *See id.* at 583–84. He offered his own testimony, the testimony of an expert witness "on the subject of attorney's fees in condemnation cases," and his attorney's testimony of the work he undertook in representing Weber. *See id.* at 583–87. The testimony included evidence of the fees incurred and consideration

of the standards set forth in *Arthur Andersen & Co.* and in rule 1.04 of the disciplinary rules of professional conduct. *See id.* at 585–86 (citing *Arthur Andersen & Co.*, 945 S.W.2d at 818). Porter did not offer evidence on any of these matters.

Porter bore the burden to establish the reasonableness and necessity of the attorney's fees he incurred. *See Bishop*, 2018 WL 4090528, at *4. He did not offer any evidence on either matter. We conclude the trial court did not abuse its discretion in rendering judgment for Porter that did not include an award of attorney's fees. We decide Porter's sole issue against him.

## CONCLUSION

We affirm the trial court's judgment.

/Leslie Osborne/
LESLIE L. OSBORNE
JUSTICE

171468F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BUCK PORTER, Appellant

No. 05-17-01468-CV     V.

A-1 PARTS, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-16-02644-D.
Opinion delivered by Justice Osborne;
Justices Myers and Molberg, participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee A-1 Parts recover its costs of this appeal from appellant Buck Porter.

Judgment entered this 14th day of January, 2019.