## DIKES v. SPRINGTOWN STATE BANK OF SPRINGTOWN.

### No. 13173.

Court of Civil Appeals of Texas. Fort Worth.

May 24, 1935.

Rehearing Denied June 14, 1935.

Chas. T. Rowland, of Fort Worth, and Preston Martin, of Weatherford, for appellant.

R. B. Hood, of Weatherford, and John L. Poulter, of Fort Worth, for appellee.

LATTIMORE, Justice.

The petition alleged that appellant was "a depositor with appellee" which "carried sums and funds for the use and benefit of the plaintiff" (appellant) "and contracted * * * not to pay or deliver any funds or monies of the plaintiff on deposit in said bank save and except" those to whom appellant delivered written orders.

The petition further alleges that appellant issued and delivered two checks totaling $450 to the order of J. T. Roberson, and that the appellee "without legal or lawful authority on the part of this plaintiff and without the proper endorsements in writing on either of said checks, and in fraud of the rights of this plaintiff, paid the said Three Hundred Dollars check on December 31st, 1930, to the defendant S. L. Roberson and on January 2nd, 1931, unlawfully, wrongfully and in fraud of this plaintiff paid the said $150.00 check to one S. L. Roberson"; that "the said defendant bank well knew or did know or could have known by the exercise of ordinary care and caution on the part of the defendant bank, its officers, agents and employees, that the said monies so unlawfully paid to S. L. Roberson being wrongful, illegal and in fraud of plaintiff and the bona fide payee J. T. Roberson; and that the said Bank was guilty of negligence in accepting and paying said checks without the proper endorsements of J. T. Roberson

on each of the said checks and wrongfully paying the same on the sole endorsements of S. L. Roberson, to plaintiff's actual damages in the sum of Four Hundred and fifty ($450.00) dollars.

"7. Plaintiff avers that by reason of the illegal, and wrongful acts in fraud of this plaintiff by and on account of the wrongful acts on the part of the said defendants they and each of them, the said defendants thereby became liable to the plaintiff in the sum of $450.00;" that "plaintiff would show to the court that due and proper demands having been made of the defendants they and each of them for the return and repayment of said $450.00, yet the defendants they and each of them have wholly failed, refused and neglected and continue to fail, refuse and neglect to pay the same or any part thereof to plaintiff's damages in the sum aforesaid."

The trial court sustained a general demurrer.

■ Deposits made in banking institutions are, in the absence of some contrary showing, presumed to be general deposits. The relation of a bank to a general depositor is that of debtor to creditor. Money is peculiarly fungible and the bank, in paying a check drawn by such a depositor, does not pay out any specific money belonging to the depositor, but only pays on. the check its own money and in turn credits its debt to the maker of the check. 6 Tex. Jur. 224 et seq.

That the appellee paid checks wrongfully to S. L. Roberson is no concern of appellant, unless thereby the appellee claims a credit upon its debt to appellant.

Does the allegation that by the payment of said checks the appellee became liable to appellant in the sum of $450 and the allegation that appellant demanded of appellee "the return and repayment of said $450.00," by reasonable intendment to be drawn from such language, allege that such checks were credited by the bank upon its debt to appellant? We think it does not. It may be that such charge against appellant's account was not made by the bank. Indeed, appellant says in his brief that his action is upon the checks issued by him. It may have been that this mistaken view of the law occasioned the filing of this suit, and explains his refusal to amend in response to the ruling of the trial court upon the general demurrer. At any rate, the essence and foundation of appellant's cause of action must be the allegation of an unjust charge against his account with appellee.

■ Appellee requests that we consider its answer, which alleges that appellant received full credit from J. T. Roberson for these checks. This we are not allowed to so do where the appeal is from the dismissal of the suit in response to a ruling on general demurrer.

The judgment of the trial court is affirmed.