IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00002-CV

 

Jose Luis Lopez,

                                                                                    Appellant

 v.

 

Amy Elizabeth Lopez,

                                                                                    Appellee

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2005-2429-1

 



DISSENTING Opinion










 

            This appeal presents an extraordinary
opportunity to clarify legal sufficiency reviews (as well as other issues) in
civil cases in Texas.  

            What makes this case unique is that we
are presented with a witness’s testimony that used both a label and a
description of a transaction.  The witness described the transaction and the
surrounding circumstances.  The witness also testified that the transaction was
not a “loan” and that it was a “gift.”  The question upon which this appeal
turns is whether, and under what circumstances, the label used by a witness
will control over and above the witness’s description of the transaction.  I
believe the Court errs in giving conclusive effect to the witness’s use of one
label and ignoring the description of the transaction in that analysis, and
then rejecting the same witness’s use of another label in deference to her
testimony about the description of the transaction.

            This appeal also presents the
opportunity to clarify the appellee’s burden on appeal.  The issue is what must
an appellee do to prevail on appeal if, as the defendant in the trial court,
the appellee won a take nothing judgment.  The confusion comes from the oft
cited phrase describing the standard of review that where findings of fact and
conclusions of law are not available, as in this appeal, the appellate court
must affirm the judgment on any theory finding “support” in the record.  In
Interest of W.E.R., 669 S.W.2d 716, 717 (Tex. 1984).  I believe this
standard of review is being inverted in this appeal to put a burden on the appellee,
rather than the appellant.  The Court is requiring the appellee
to show that there is no theory, whether raised at trial by the plaintiff or
not, under which a judgment for the plaintiff is proper.  In this regard, the Court
errs.

            I respectfully dissent.

Procedural History

            Jose Lopez sued his former
sister-in-law, Amy Lopez, for the conversion of a receipt or $15,000.  Jose
failed to convince the trial court, acting as the factfinder, that Amy had
converted either the receipt or cash.  The trial court, instead, opined that based
on the evidence the transaction was a loan and that because the loan was not in
writing, the recovery was barred by the statute of frauds.  Thus, the trial
court rendered a take nothing judgment.  Jose appealed.  The evidence was both
legally and factually sufficient to “support” the trial court’s refusal to find
a conversion; therefore, the trial court did not err in rendering a take
nothing judgment.

Background

            Jose’s brother, Wenceslao Lopez, who
at the time was also Amy’s husband, was being held by the INS (the United
States Immigration and Naturalization Service).  A $15,000 bond[1] was required for his release.  Amy and
Wenceslao did not have the money.  Ultimately, Jose handed Amy $15,000 in cash
and, according to Amy, said, “let’s go get my brother.”  They rode together to San Antonio where Wenceslao was being held.  Because Jose had concerns about the INS also
detaining him, he had Amy attempt to deliver the cash to the INS.  The INS
would not accept cash.  A cashier’s check, rather than cash, was needed.  Jose
went to a bank he used and converted the cash to a cashier’s check and gave it
to Amy.  Amy posted the bond using the cashier’s check and obtained a receipt
in her name.  The receipt allowed the person who posted the bond to be paid the
amount of the bond once the INS case against Wenceslao had concluded.  In the
final analysis, it is the proof, or lack thereof, to show the characterization
of the legal nature of the foregoing described events that should control the
result of this appeal. 

            The next year, Amy and Wenceslao were
going through a divorce.  Wenceslao attempted to get Amy to sign what she
assumed was the paperwork to let Jose collect the bond money.  Amy refused
unless her husband would drop his claim for custody of the children.  He would
not.  The disposition and/or ownership of this money was discussed during a
mediation of the property division during the divorce.  It was not, however,
specifically dealt with in the divorce decree; but the decree awarded to Amy
all the money in her possession and control.[2] 
Amy later asked her divorce lawyer what she should do with the money.  She was
advised that the money was hers.  About six months after the divorce, Amy sent
the necessary paperwork to the INS, which sent her a check for $15,000.  Amy
spent the money on bills and private school tuition for at least one of her
children.[3]  

            An issue about the money did not arise
again until Jose filed a motion to show cause in San Antonio.  The case was
transferred to McLennan County where Jose filed a petition for a constructive
trust.  Although Jose pled only for a constructive trust, the theory of
conversion was tried to the court by consent.  The trial court rendered a take
nothing judgment.  No findings of fact or conclusions of law were filed.[4]

Sufficiency of the
Evidence

            This was a non-jury trial, in which no
findings of fact or conclusions of law were filed; therefore, it is implied
that the trial court made all the necessary findings, if any, to support its
judgment.  Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989); Goodyear
Tire and Rubber Co. v. Jefferson Constr. Co., 565 S.W.2d 916, 918 (Tex. 1978).  When a reporter’s record is brought forward, as in this case, these implied
findings may be challenged by factual sufficiency and legal sufficiency points
the same as jury findings or a trial court's findings of fact.  Roberson,
768 S.W.2d at 281; Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980).[5]  In the absence of findings,
it is an appellant’s burden to show that the trial court’s judgment was not
supported by any legal theory raised by the evidence.  Point Lookout West,
Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987).  Thus, in this appeal,
Jose has the burden to show that the trial court’s refusal to render judgment
in his favor was not supported by the legal theory, conversion of the receipt
or the money, raised by the evidence he presented and the theory on which the
judgment was sought.

            Further, we must be mindful that, to
prevail on appeal, Jose must establish that the trial court’s implied refusal
to find that Amy converted the receipt or the money, the facts necessary to
render judgment in his favor, was against the great weight and preponderance of
the evidence.  See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).  The factfinder, in this proceeding the trial court, may choose to believe
some, all, or none of a witness’s testimony if a reasonable juror could.  See City of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005).  In this
regard, Jose’s credibility was impeached by a felony conviction for criminal
conspiracy involving forging documents.  Because it was Jose’s burden to prove
his case by a preponderance of the evidence, the factfinder does not have to
have any evidence in support of a refusal to find in Jose’s favor.  A refusal
to find in favor of the party with the burden of proof, Jose, means only that the
evidence failed to rise to that level necessary to cause the factfinder to
determine more likely than not that Jose’s claim should be sustained on the
theory being presented.  See Herbert v. Herbert, 754 S.W.2d 141,
145 (Tex. 1988).  If the trial court did not believe Jose’s testimony, he could
disregard it entirely.  The trial court’s statement that he thought the
transaction was a loan, which was directly contrary to Jose’s testimony,
establishes that the trial court did not find Jose a credible witness.

Conversion of Receipt 

            Conversion is the wrongful exercise of
dominion and control over another's property in denial of or inconsistent with
his rights.  Green Int'l v. Solis, 951 S.W.2d 384, 391 (Tex. 1997); Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 446 (Tex. 1971).  The
unauthorized and wrongful assumption and exercise of dominion and control over
the personal property of another, to the exclusion of or inconsistent with the
owner's rights, is in law a conversion.  Waisath, 474 S.W.2d at 447.

            Jose suggests that Amy’s refusal to
surrender the receipt or sign documents to allow him to be paid the money was
conversion of the receipt as a matter of law.  He argues that these refusals
show that Amy exercised dominion and control over Jose’s personal property — the
receipt — to the exclusion of or inconsistent with his rights.  There was no
showing, however, that the receipt belonged to Jose.  Both Jose and Amy
testified that the receipt from the INS was in Amy’s name because she was the
one who delivered the cashier’s check to the INS for her husband’s bond.  When
asked if he ever requested the receipt from Amy, Jose responded that he asked
her to either get the money and give it to him, or sign the papers necessary
for him to be paid the money.  He did not say that he asked her for the
receipt.  And to the extent a request for the receipt could be inferred, there
was no showing that at that time Amy was still in possession of it so that she
would have been exercising dominion and control over it to the exclusion of
anyone.

            Reviewing the record under the
appropriate standards of review, the trial court’s refusal to find a conversion
of the receipt was not against the great weight and preponderance of the
evidence, and conversion of the receipt was not established as a matter of law.

Conversion of $15,000

            Jose also argues that Amy’s refusal to
surrender the actual money was a conversion of money.  An action for the
conversion of money may be brought where money is (1) delivered for safe
keeping; (2) intended to be kept segregated; (3) substantially in the form in
which it is received or an intact fund; and (4) not the subject of a title
claim by the keeper.  Houston Nat'l Bank v. Biber, 613 S.W.2d 771,
774-75 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); see Southwest
Industries Inv. Co. v. Berkeley House Investors, 695 S.W.2d 615, 617 (Tex. App.—Dallas 1985, writ ref’d n.r.e.).  

            Jose contends that the money was
delivered through Amy to the INS for safekeeping and meets the other
requirements for an action for conversion.[6]  But
there is no evidence in the record that the money was a specifically
identifiable fund which Amy was supposed to segregate and later return as an
intact fund.  Both Amy and Jose agreed that they had no discussions about
whether the money was a gift or a loan or about how the money was to be
returned to Jose, if at all.

            Money is inherently fungible.  See
 Texas Boll Weevil Eradication Found. v. Lewellen, 952 S.W.2d
454, 461 (Tex. 1997); Dikes v. Springtown State Bank, 84 S.W.2d 544, 545
(Tex. App.—Ft. Worth 1935, writ dism’d).  There was evidence that Jose had been
repaid by Wenceslao before the divorce was final.  If Jose had been repaid by
his brother, not only does it show that there was not a segregated fund that
needed to remain intact, it shows that Amy had a claim to the funds as well.

            Reviewing the record under the
appropriate standards of review, the trial court’s refusal to find a conversion
of the money was not against the great weight and preponderance of the
evidence, and conversion of the money was not established as a matter of law.[7]

            Jose’s first two issues should be
overruled.




Statute of
Frauds/Limitations

            In his third issue, Jose contends the
trial court erred in applying the statute of frauds or the statute of
limitations because those defenses were not affirmatively pled.  Specifically,
he complains that Amy’s supplemental answer raising the defenses was not timely
filed.  

            There is nothing in the judgment
that indicates the trial court applied the statute of frauds or the statute of
limitations, and, as previously noted, no findings of fact or conclusions of
law were filed.  The trial court did, however, state from the bench that “under
my analysis of this, I think your cause of action [for breach of a loan
agreement] would be barred under the Statute of Frauds.”  But, oral comments
from the bench are not written findings of fact.  In re Jane Doe 10, 78
S.W.3d 338, 340 n.2 (Tex. 2002); In the Interest of W.E.R., 669 S.W.2d
716, 716 (Tex. 1984).  Having no findings that the trial court applied the
statute of frauds or the statute of limitations, and based upon my disposition
of the appeal on another ground, we would not need to decide Jose’s third
issue.  Further, the statute of frauds defense is only applicable to the breach
of a loan agreement, a theory Jose expressly disavowed, did not plead, and
which he tried to avoid.[8]




Theories Not Argued/Burden
of Proof

            Where the Court goes astray is
reviewing theories not argued by Jose.  I have searched the briefs of
both parties and find no use of the term “bailment” or citation or argument of
this theory.  I do not recall it being part of the oral arguments made to the
Court.  It is a theory advanced by no one other than the Court in its opinion. 
I cannot hold that a trial court reversibly erred based on a conclusion made by
this Court on appeal that the evidence “points to” some other possible theory that
was never presented to the trial court or even to the appellate court by the
parties.  

            From my review of the proceedings, it
seems pretty clear that the trial court determined that regardless of the legal
mechanism under which the money was used by Jose’s brother, whether it was a
gift, a loan[9], or a
trust fund of some type, Jose failed to establish that he had not been repaid. 
If the Court is going to point out other possible legal issues, like bailment,
maybe we should question why Jose did not make his brother a party.  After all,
like a loan, liability for the breach of the “bailment” will be a joint and
several liability of the community estate; i.e. his brother will bear
the same liability as Amy.[10]

            The fundamental problem with relying
on theories not argued is that the Court has, I believe inadvertently, shifted
the burden on appeal to the party who did not have the burden of proof at trial
and who has secured a take nothing judgment as a result of that trial.  When
examined closely, the Court’s opinion reveals that it is requiring the party
who was the defendant at trial, who won a take nothing judgment, to show that the
facts presented to the factfinder do not support any legal theory upon which a judgment
for the plaintiff could be based.  As an appellate court we should not shift
the burden on appeal to the prevailing party at trial to show on appeal that
there is no theory, including untried theories, which could support a judgment
for the plaintiff.  In this appeal, the Court holds that because bailment, a
theory argued by no one at trial or on appeal, might allow the otherwise
unsuccessful plaintiff to prove a conversion of the bailed property, the case
must be remanded for a new trial.  I believe that is an erroneous placement of
the burden on appeal resulting in an improper reversal.

Conclusive Testimony

(aka The Erroneous
Reliance on Labels)

 

            I began this opinion with expressing
my belief that this appeal presents an extraordinary opportunity to further
clarify this Court’s method of conducting a sufficiency review.  I now return
to that argument.

            What makes this the perfect
opportunity to clarify the legal sufficiency review required under City of
Keller is that the Court has determined what seems to be diametrically
opposed rulings while parroting the City of Keller standard for such a
review.  The Court has held that by using the label “loan,” the witness, Amy,
has conclusively negated that the transaction was a loan by her testimony that
it was not a loan.  The Court states:

Amy’s testimony alone conclusively establishes
that the transaction was not a loan.

* * *

            To the extent the trial court
impliedly found that Amy lawfully possessed the INS receipt or its $15,000 cash
proceeds because Jose had loaned her the money, no evidence supports that
implied finding because a reasonable factfinder could not disregard Amy’s
testimony that the transaction was not a loan.  See City of Keller, 168 S.W.3d at 807.

 

            Thus, the Court has concluded that by
her testimony that the transaction was not a loan; a reasonable
factfinder could not have concluded it was a loan.  As additional support, the
Court references the testimony of Jose that the transaction was not a loan. 
But remember, we are looking only for some evidence, legally sufficient
evidence, that the transaction was, in fact, a loan.

            I completely disagree that Amy’s
testimony “conclusively establishes that the transaction was not a loan.”  Even
if I agreed, of what relevance to our review is this statement?  What does it
mean?  Amy’s testimony using the label “loan” was only part of the evidence
about the transaction and her conclusory testimony, such as by the use of a
label which has legal significance, is not conclusive proof of the fact to be
established.  Further, other testimony conflicts with the “conclusive”
testimony that it was not a “loan.”  There was other testimony from which the
characterization of the transaction as a loan would be proper.[11] 


            But the intriguing analysis about the
conclusive effect of using labels comes, not from another case, but from the
very same case, and not another witness, but from the very same witness.  Amy also
testified that the transaction was a “gift.”  With regard to this
testimony, the Court concludes that, notwithstanding her use of the label that
the transaction was a “gift,” a reasonable factfinder could not have concluded
that the transaction was a gift.  In this regard, the Court states:

On cross-examination, Amy testified that Jose
never told her that the money was a gift.  She never expressed any thanks to
Jose for giving her the money, and she did not think the money was a gift until
she discovered that money was missing from her bank account during her
divorce.  Amy’s assumption that Jose gave her the money as a gift is not evidence
of Jose’s donative intent.  Viewing Amy’s testimony about why and when she
determined that the money was a gift in the light favorable to the trial
court’s implied finding of a gift, a reasonable factfinder could not have
credited Amy’s testimony as evidence of a gift.  See City of Keller, 168 S.W.3d at 807.

 

I disagree that the evidence conclusively proves
the transaction was not a gift.  

            So, based upon Amy’s description of
the transaction, and comparing it to the labels to attempt to summarize her own
testimony and give a legal characterization to the transaction, the Court has told
us that a reasonable factfinder could not have rejected her testimony
that it was not a “loan,” but could not have believed her testimony that
it was a “gift.”  I find neither conclusion compelling because the Court is too
focused on the label applied to the transaction by the witness and not on an
analysis of what the testimony about the nature of the transaction would
support.  But again, of what relevance is Amy’s failure to prove something on which
she did not have the burden of proof?  

            In this regard, the Court states that
the testimony of Amy conclusively proves the transaction was not a loan.  But
her testimony is internally inconsistent between the nature of the transaction
and the label she sought to apply to it.  It reminds me of the old saying that
if it walks like a duck, looks like a duck, and quacks like a duck, it is a
duck – no matter what you call it.[12]

            So will we review labels applied by
parties who have an interest in characterizing the legal consequences of a
transaction?  Do we simply accept these conclusory statements, the label,
without looking behind them to the true nature of the transaction as described
by the witness?  I vote to reject considering only the witness’s use of a
conclusory label and suggest that we must examine the true nature of the
transaction as testified to by all the witnesses.  We must consider the
totality of the evidence.  After all, this witness was not a lawyer and was not
shown to know the difference between a loan, a gift, or a bailment.  Therefore,
the witness was not qualified to use a label that has now been given a
conclusive legal meaning by this Court.  This is particularly true when the
legal label she used was in conflict with her other testimony about the nature
of the transaction.

            Further, these were theories that were
not even being tried at the trial court level as such and that Amy, the trial
court victor and as appellee, did not know she needed to brief or defend
against on appeal.  Now the Court is not only remanding this proceeding for a
new trial but also is handcuffing the defendant by purporting to conclusively
decide on appeal theories that would have been improper even for the trial
court to decide.  Thus, the Court is going to make the parties retry the case
and prevent the parties, in particular the defendant/appellee, from being able
to show the true nature of the events.  This is because the Court is deciding
that at least two theories, loan and gift, are conclusively negated by this
record, i.e., the above-described testimony applying the above-described
standard of review.  It appears irrelevant to the Court that other evidence may
be introduced at the next trial by the party who should have had no burden at
trial or on appeal which may clarify or explain the evidence presented in the
earlier proceeding.  At the very least, if no theories are off limits on
retrial, in essence that the law-of-the-case doctrine does not apply to any
claim or defense, we should clearly and unequivocally state that so the parties
are not confused and resources needlessly consumed briefing and arguing the
issue of what it is the Court intended by its judgment and opinion.

Conclusion

            This was Jose’s case to win or lose. 
He lost.  He did not convince the factfinder, the trial court, of the merits of
his chosen theory of recovery, conversion.  As an appellate court, we should
not select some other theory on which he might prevail if retried.  The trial
court’s judgment should be affirmed.  Because it is not, I respectfully
dissent.

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
opinion issued and filed August 13, 2008









[1]  The
term “bond” is used by the parties.  It is unclear from the record whether this
money was really a bond or was the amount of bail set to secure Wenceslao’s
release.

 





[2]  The
Court makes much that neither the cash nor the receipt was listed as an asset
in the inventory in connection with Amy and Wenceslao’s divorce.  They do not
indicate the source of the inventory or who prepared it or who was responsible
for its accuracy.  If the omission of the receipt or cash has any significance,
I note that likewise, the debt was not listed.  Wenceslao was aware of the
issue at the time of the divorce.  His attorney, who testified at trial that he
was aware of the issue of the bond money, drafted the divorce decree.  If there
was a debt owed, it should have been listed as well.  This provides an
inference that the debt had been paid by Wenceslao to his brother, Jose, and is
supported by the testimony of Amy.  Wenceslao was in the hall during trial but
was not called as a witness.  Amy certainly could not be expected to call him
as a witness since he was a “hostile” witness because the Attorney General was
pursuing him for failure to pay Amy child support.  We are left to wonder, if
he had not paid Jose back, why Jose would not call him as a witness to bolster
Jose’s story.

 





[3] 
Wenceslao was not consistently paying child support.  It appears that this
proceeding against Amy was brought at the same time the Attorney General was
pursuing Wenceslao for this unpaid child support.

 





[4] 
Jose requested findings of fact and conclusions of law, but when the trial
court did not file the findings or conclusions, Jose did not file a “Notice of
Past Due Findings of Fact and Conclusions of Law.”  See Tex. R. Civ. P. 297.

 





[5]  The
Supreme Court in Roberson reversed and remanded the case to the court of
appeals for failing to consider the appellant’s factual sufficiency issues when
it considered only the evidence favorable to the implied findings and disregarded
any contrary evidence.





[6] 
This is contrary to Jose’s own testimony that it was a cashier’s check, not
$15,000 money, that Amy delivered to the INS.  Jose never expected to receive
the cashier’s check back.  He knew it was being delivered to the INS.

 





[7]  
This is also ample evidence from which a loan could be inferred by the fact
finder, i.e., the trial court.  See fn 11.





[8]  I
believe the discussion of the limitation defense in the Court’s opinion is also
marred with mistakes about its application.  The relevant demand by Jose was
made no later than the divorce proceedings during mid-2003.  The suit for
conversion was not brought until July of 2006.  The limitation period for
conversion is two years.  Tex. Civ.
Prac. & Rem. Code Ann.  § 16.003(a) (Vernon Supp. 2007).

 





[9] 
From the trial court’s comments, he was definitely indicating that he thought
the transaction was a loan and, as such, had rejected any other theory whether
being proffered by Jose or not.

 





[10] 
Further, I note the theory of bailment is fundamentally flawed.  Bailment is
the holding of property for a purpose after which it is returned.  See D
& D Assoc., Inc. v. Sierra Plastics, Inc., 570 S.W.2d 205, 207 (Tex.
Civ. App.—Waco 1978, no writ).  There is no question Jose did not expect Amy to
return the cashier’s check to him.  That check was used for the bond payment
necessary to secure his brother’s release.

 





[11] 
For example, Jose testified that he had made numerous loans to his brother. 
All were without any documentation; nevertheless, he expected to be repaid by
his brother.  All such loans had been repaid.  Likewise, the delivery of
$15,000 to Amy for Jose’s brother’s benefit was without documentation and there
was testimony that it too had been repaid; sure looks like a loan to me.  A
transaction such as this is defined by the facts of the transaction, not the
legal label the parties may later try to apply to it.





[12] 
Likewise, William Shakespeare’s line from Romeo and Juliet is frequently
twisted to explain the same concept; a rose by any other name is still a rose. 
The line is actually “What’s in a name?  That which we call a rose By any other
name would smell as sweet.”  William
Shakespeare, Romeo and Juliet, in Shakespeare The Complete Works, Act II, sc. ii, 43-44, p.
484, (G.B. Harrison, ed., Harcourt Brace Jovanovich, Inc., 1968).