**Opinion issued April 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00094-CV

_____

**BYRON ROBINSON, Appellant**

**V.**

**ELIZABETH SHELTON, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1039938**

---

## MEMORANDUM OPINION

In this eviction case, Byron Robinson appeals a county court's order that he

had no right to continue to occupy a duplex that he had leased from his landlord,

Elizabeth Shelton. On appeal, Robinson contends that the evidence is insufficient

to establish either that Shelton had a superior right of possession or that she failed to give him proper notice to vacate the premises. Finding no error, we affirm.

## Background

In November 2012, Robinson entered into a residential lease of the lower level of a duplex in Houston. The lease term expired in October 2014 and required $800 monthly in rent. Under the agreement, Shelton could terminate the lease if the tenant failed to pay all amounts due, provided that she gave notice to Robinson to vacate the leased premises.

The landlord-tenant relationship was a rocky one almost from the outset, with disputes about repairs and Shelton's access to the leased premises. After Robinson did not pay rent in September and October 2013, Shelton sued him in justice court, seeking to evict him from the premises. In November 2013, the justice court ruled for Shelton.

Robinson appealed the justice court's ruling to the county court at law. There, Robinson did not contest that he had failed to pay rent in October 2013, but denied Shelton's non-payment claim for September 2013. The county court rendered judgment in favor of Shelton, awarding damages of $800.

## Discussion

Robinson challenges the evidentiary sufficiency of the trial court's implied findings that he breached the leased agreement and that he received proper notice to vacate the leased premises.

### Standard of Review

In an appeal from a bench trial, we review a trial court's findings of fact under the same legal and factual sufficiency of the evidence standards used when determining if sufficient evidence exists to support an answer to a jury question. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994). When a trial court issues no findings of fact, we imply that the trial court made all the necessary findings to support its judgment. *Douglas v. Petroleum Wholesale, Inc.*, 190 S.W.3d 97, 99 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989)). The trial court judges the credibility of the witnesses, determines the weight of testimony, and resolves conflicts and inconsistencies in the testimony. *Sw. Bell Media, Inc. v. Lyles,* 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied). If the evidence falls "within the zone of reasonable disagreement," we will not substitute our judgment for that of the fact finder. *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005).

In determining whether legally sufficient evidence supports the finding under review, we consider evidence favorable to the finding, if a reasonable fact finder could consider it, and disregard evidence contrary to the finding, unless a reasonable fact finder could not disregard it. *Id.* at 827. In a factual sufficiency review, we view all of the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence such that it is clearly wrong and unjust. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex. 1989); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

We review a trial court's construction of an unambiguous contract de novo. *MCI Telecomm. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 650–51 (Tex. 1999). Contract terms will be given their plain, ordinary, and generally accepted meanings, unless the contract indicates a technical or different sense. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 662 (Tex. 2005).

**A. Breach of the Lease Agreement**

Robinson challenges the legal and factual sufficiency of the evidence supporting the county court's judgment that Shelton had a superior right of possession of the leased property. Their agreement provided that, if Robinson failed to pay any amount due under the lease, then Shelton could terminate his right to occupy the leased property upon providing a notice to vacate. Shelton presented evidence that Robinson did not pay rent in October 2013, and Robinson

4

did not contest that non-payment. Robinson instead pleaded an affirmative defense that Shelton had breached the lease through wrongful eviction, and contested whether the notice to vacate the premises was proper. He did not, however, adduce evidence at trial that a wrongful eviction had occurred or that Shelton's conduct had released him from his obligation to pay rent under the lease. Because a reasonable fact finder could credit the evidence presented supporting a finding of non-payment of rent, we hold that legally sufficient evidence supports the court's ruling. *See Keller,* 168 S.W.3d at 827; *Valence,* 164 S.W.3d at 662.

In reviewing the factual sufficiency of the evidence, we consider whether the trial court's finding was against the great weight and preponderance of the evidence. *See Plas–Tex,* 772 S.W.2d at 445. The lease provided that Shelton could terminate Robinson's right to occupy the leased property if Robinson did not make timely payments under the lease. Robinson did not contest Shelton's testimony that he had not paid rent for the month of October 2013 and did not adduce evidence supporting his affirmative defense. We hold that the evidence supporting the county court's finding was factually sufficient. *See id*.

## B. Notice to Vacate the Leased Premises

Robinson challenges whether Shelton sufficiently proved that he received proper notice to vacate the premises. Pursuant to the Texas Property Code, a person entitled to possession of a property "must comply with the requirements for

5

notice to vacate under Section 24.005." TEX. PROP. CODE ANN. § 24.002(b) (West 2013). Section 24.005 provides, "If the occupant is a tenant under a written lease . . . the landlord must give a tenant who defaults . . . at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter . . . period in a written lease . . . ." *Id.* § 24.005(a). A notice to vacate "shall be given in person or by mail at the premises." *Id.* § 24.005(f). If notice is given in person, a landlord may deliver it "by personal delivery to the tenant or . . . to the premises and affix[] the notice to the inside of the main entry door." *Id.*

In the trial at the county court, Shelton identified a copy of her notice to Robinson to vacate the premises. She further testified that she paid to have the notice served on Robinson. The court admitted the copy into evidence, overruling Robinson's hearsay objection. The notice was addressed to Robinson, and it was signed by a person who purported to have served the notice by affixing it on the door of the leased premises. At trial, Shelton also authenticated a receipt, showing payment for service of the notice, and the court admitted the receipt into evidence. Robinson did not object to its admission. On appeal, Robinson he does not raise any argument regarding the admissibility of the notice other than to state that the county court abused its discretion in admitting it. Without argument or citation to authority, any admissibility argument is waived. *See* TEX. R. APP. P. 38.1(i) ("The

6

brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Shelton's testimony that she served a notice, together with the notice itself and the receipt, are some evidence from which a factfinder could reasonably conclude that Robinson received a notice to vacate the premises on his duplex entry door. Thus, we hold that legally sufficient evidence supports the court's finding. *See Keller,* 168 S.W.3d at 827. Similarly, because Robinson adduced no evidence to the contrary, we hold that the evidence is factually sufficient. *See Plas–Tex,* 772 S.W.2d at 445.

## Conclusion

We affirm the judgment of the county court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Massengale.