**Opinion issued June 2, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00383-CV

_____

**GLENN HERBERT JOHNSON, Appellant**

**V.**

**HARRIS COUNTY, HARRIS COUNTY EDUCATION DEPARTMENT, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HOUSTON INDEPENDENT SCHOOL DISTRICT, HOUSTON COMMUNITY COLLEGE SYSTEM, HARRIS COUNTY EDUCATION DISTRICT, CITY OF HOUSTON, AND HASHMET WALI, Appellees**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-08713**

---

## MEMORANDUM OPINION

Glenn Herbert Johnson filed a bill of review to set aside a default judgment taken against him in connection with a Harris County tax lien and sheriff's sale of his encumbered property. The trial court granted Johnson's requested relief. It vacated the default judgment, reopened the tax case, and set aside the constable's sale of Johnson's property. The trial court also ordered the County to refund the property's purchase price to Hashmet Wali, who had purchased the land at the tax sale. On appeal, Johnson contends that the trial court abused its discretion in granting him his requested relief and in refunding Wali's money to him. Finding no error, we affirm.

## Background

In 2009, Harris County sued Johnson, seeking recovery of unpaid property taxes. In 2011, the trial court entered a default judgment against Johnson, at the time unaware that the County's service of process was defective and Johnson did not have notice of the suit. A Harris County constable conducted a tax sale of the property. Wali purchased the property for $55,800. In 2013, Johnson petitioned for a bill of review, challenging the default judgment on the basis that he was never served with the tax suit. Johnson requested that the trial court: "vacate the Default Judgment in Cause No. 2009-51784," "[r]eopen cause 2009-51784 and grant a new

trial, with the parties reverting to their original status as Plaintiff and Defendant," and "set aside the Constable/Sheriff's sale of the above specified property."

Based on the proof of lack of proper service with citation, the trial court declared the default judgment void as a matter of law. Harris County and Wali then jointly moved to vacate it and void the constable's sale and deed, pursuant to sections 33.56 and 34.07 of the Texas Tax Code. The trial court ordered Harris County to refund to Wali his purchase price proceeds of $55,800, an amount that included court costs and proceeds in excess of the lien in the amount of $7,124.15. The trial court's final order reinstated the tax court cause number, 2009-51784, and noted that "[t]his Order finally disposes of all parties and claims and is appealable." Wali then petitioned to release the $7,124.15 held in the court's registry. The trial court granted Wali's petition and ordered the District Clerk to release the excess proceeds.

## Discussion

As we liberally construe his pro se brief, Johnson contends that the trial court erred in granting his requested relief and in refunding the tax sale purchase price to Wali. He claims a right to excess proceeds from the tax sale. In particular, he contends that (1) the trial court did not have jurisdiction or plenary power to enter orders after it declared that the default judgment was void; (2) Wali waived his subrogation rights by filing a petition for excess proceeds within the statute of

3

limitations pursuant to section 34.07; (3) Wali cannot recover the taxes, penalties, interest, and attorney's fees the taxing units received; (4) Harris County and Wali did not meet the statutory requirements to vacate the default judgment and void the sale; (5) Wali is barred by the statute of limitations from petitioning for the tax sale proceeds; and (6) the Mother Hubbard clause in the court's final order precluded the later order to the district clerk directing it to distribute the excess proceeds.

*Standard of Review*

We regard this case as an appeal from a bench trial. When a trial court issues no findings of fact, we imply that the trial court made all the necessary findings to support its judgment. *Douglas v. Petroleum Wholesale, Inc.*, 190 S.W.3d 97, 99 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989)). An abuse of discretion occurs when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011); *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

*Analysis*

At the outset, we consider Johnson's contentions in light of the invited error doctrine.

## I.    Invited Error Doctrine

Under the invited error doctrine, a party cannot complain on appeal that the trial court ordered a specific action that the party requested. *Sentinel Integrity Solutions, Inc. v. Mistras Grp., Inc.*, 414 S.W.3d 911, 919–20 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (holding that party waived complaints that trial court erred in failing to determine enforceability of covenant not to compete and that covenant was enforceable, as party complained at trial that covenant was not enforceable); *cf. Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (per curiam) (determining that invited error doctrine is inapplicable when party did not request trial court ruling complained of on appeal).

In his first and amended petitions, Johnson requested that the court "vacate the Default Judgment in Cause No. 2009-51784," "[r]eopen cause 2009-51784 and grant a new trial, with the parties reverting to their original status as Plaintiff and Defendant," and "set aside the Constable/Sheriff's sale of the above specified property." We hold that Johnson's appellate complaints about the trial court's orders to vacate the default judgment, reopen the tax case, and set aside the constable's sale are barred under the invited error doctrine. *See Sentinel*, 414 S.W.3d at 919–20.

## II.    Return of Proceeds

In his remaining issues, Johnson contends (1) that the court erred in ordering the return of the purchase price to Wali because it did not have jurisdiction and acted after its plenary power expired.  Johnson further contends that (2) a Mother Hubbard clause in the order to reinstate the tax case precluded the return of the proceeds; (3) Harris County did not meet its requirements under section 33.56; and (4) Wali petitioned for a refund and excess proceeds after the statute of limitations passed pursuant to section 34.07.

### A.  Applicable Law

Section 33.56 of the Tax Code provides that a taxing unit that was a party to a judgment for foreclosure of a tax lien "may file a petition to vacate the judgment on one or more of the following grounds . . . (2) failure to serve a person needed for just adjudication under the Texas Rules of Civil Procedure."  TEX. TAX CODE ANN. § 33.56(a).  The section also requires that a taxing unit must file the petition under the same cause number as the delinquent tax suit in the same court.  *Id.* § 33.56(b).  Additionally, the taxing unit may not file a petition if a tax sale of the property has occurred unless one of several listed requirements is met, one of which is the tax sale purchaser's consent to the petition.  *Id.* § 33.56(c).  The purchaser's consent to a petition may be shown by the purchaser's joinder in the

taxing unit's petition.  *Id.* § 33.56(d).  If the court grants the petition, "the court

shall enter an order providing that:

> (1) the judgment, any tax sale based on that judgment, and any subsequent resale are vacated;
> (2) any applicable tax deed or applicable resale deed is canceled;
> (3) the delinquent tax suit is revived; and
> (4) . . . the taxes, penalties, interest, and attorney's fees and costs, and the liens that secure each of those items, are reinstated."

*Id.* § 33.56(f).

Separately, section 34.07 provides that a buyer who purchased property at a

void tax sale "may elect to file an action against the taxing units to which proceeds

of the sale were distributed to recover an amount from each taxing unit equal to the

distribution of taxes, penalties, interest, and attorney's fees the taxing unit

received."  *Id.* § 34.07(d).  But a limitations period exists: "A suit filed against the

taxing units under Subsection (d) may not be maintained unless the action is

instituted before the first anniversary of the date of sale or resale."  *Id.* § 34.07(f).

*B. Analysis*

1.  Trial court's lack of plenary power to order purchase price

Johnson generally argues that because the court voided the default judgment,

no other judgment can result from it and the subsequent orders should also be

voided.  In his view, the trial court's plenary power expired 30 days after its order

voiding the default judgment.  It is apparent from the face of the record that the

trial court's order voiding the default judgment was not a final order.  *See Lehmann*

*v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties."). The trial court thus had plenary power to address the parties' remaining claims. *See id.*

### 2. Preclusion of relief by Mother Hubbard Clause

Johnson next contends that the Mother Hubbard clause in the order to reinstate the tax case precludes the court's subsequent order to the district clerk to reimburse Wali for the purchase price because it lacked plenary power to do so. However, in its final order, the trial court ordered that "the purchaser's purchase money be refunded." The earlier order includes the amounts held by the district clerk that the trial court directed it to release in July 2014. We hold that the Mother Hubbard clause does not preclude Wali's relief, because the court's order to distribute the proceeds was in aid of execution of its judgment. *See* TEX. R. CIV. P. 308 ("The court shall cause its judgments and decrees to be carried into execution. . . .").

### 3. Return of entire purchase price to Wali

We next consider whether the court abused its discretion in ordering the return of the entire purchase price to Wali and reinstating Harris County's claims

against Johnson for unpaid property taxes. In this issue, Johnson argues that Harris County did not meet its requirements under section 33.56 so as to require disbursement. We disagree. Harris County and Wali filed a joint motion to vacate the judgment and void the constable's sale and deed, and Wali demonstrated consent by signing the motion through his attorney. *See* TEX. TAX CODE ANN. § 33.56 (c), (d); *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986) (explaining that attorney's actions within scope of employment are regarded as client's acts). At the time of the motion, the trial court already had voided the default judgment for failure to properly serve a party. *See* TEX. TAX CODE ANN. § 33.56 (a). The parties filed the motion under both case numbers, including in the related 2009 tax case. *See id.* § 33.56 (b). Accordingly, we hold that the court did not abuse its discretion when it reinstated Harris County's claim against Johnson for unpaid taxes, penalties, interest, and attorney's fees, and the accompanying tax liens on the property. *See id.* § 33.56 (f); *Samlowski*, 332 S.W.3d at 410. Moreover, Johnson expressly requested that the parties return to their "original" status before suit was filed. Thus, any error was invited. *See Sentinel*, 414 S.W.3d at 919–20.

4. Statute of limitations

Finally, Johnson contends that Wali's claim to a refund is barred by the statute of limitations. Limitations, however, is an affirmative defense. *See* TEX. R.

9

CIV. P. 94 ("[A] party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense."). Harris County and Wali jointly moved to reinstate the tax lien under section 33.56 and requested that "the sale proceeds be refunded to Defendant Wali." Assuming that one would be available given the defect in the underlying judgment, Harris County did not pursue an affirmative defense that Wali's recovery of his purchase price was barred by limitations. Accordingly, we hold that Wali's claim is not barred. *See* TEX. R. CIV. P. 94.

## Conclusion

Because none of Johnson's claimed errors has merit, we hold that the court did not abuse its discretion when the court reinstated the tax lien and refunded the purchase price of the encumbered property. *See Samlowski*, 332 S.W.3d at 410. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

10